Joseph C. Hobbs, *Plaintiff in Error*, v. The State of Florida, *Defendant in Error.*

## Opinion Filed April 5, 1922.

1. Unless the ruling of the trial court refusing to give a requested instruction is excepted to at the time of 'the refusal, such ruling cannot be made the basis of an assignment of error which may be considered by the appellate court.

2. Where refusals to give two or more separate instructions containing distinct propositions of law 'are embraced in one general exception, the exception thus taken is not available before the appellate court if any one of such charges was properly refused.

3. Upon a charge of manslaughter resulting from the culpable negligence of the accused in operating an automobile at an unlawful rate of speed upon a public street of a city while in an intoxicated condition, by colliding with the deceased, where there is ample proof to sustain the allegation that defendant was operating the automobile upon such public street at an unlawful and dangerous rate of speed under conditions that warrant a finding of culpable negligence, proof of intoxication of the defendant at the time is not an indispensable prerequisite to a conviction of the crime charged.

4. Evidence examined and found to be sufficient to sustain the verdict finding defendant guilty of manslaughter.

A Writ of Error to the Criminal Court of Record for Duval County; J. M. Peeler, Judge.

Affirmed.

*Ion L. Farris, J. N. Morris,* and *L. S. Gaulden,* for Plaintiff in Error;

*Rivers H. Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant, for the State.

WEST, J.—The defendant, Joseph C. Hobbs, plaintiff in error here, was found guilty upon a charge of man-slaughter. To the judgment imposing sentence writ of error was taken from this court.

The charge contained in the information is that the defendant, on March 21, 1921, while in an intoxicated con-dition, by his culpable negligence in operating an auto-mobile at a great and unlawful rate of speed upon the public street of the City of Jacksonville, and in colliding with and striking the deceased, who was then upon such street, inflicted divers wounds upon him, producing his death.

The assignments of error raise two general questions, namely: The sufficiency of the evidence to support the verdict of conviction and rulings of the court in giving certain charges and refusing to give certain other charges requested.

At the trial a number of special charges were requested by counsel for defendant. It does not appear that any of them were given. The charges requested, fourten in num-ber, in consecutive order are copied in the bill of excep-tions appearing in the recordo. Following the requested charges it is recited that the trial judge did consider and decide that all such charges should not be given and did refuse to give same, to which decision and refusal defend-ant did then and there except.

The rule is that unless the ruling of the trial court re-fusing to give a requested instruction is excepted to at the time of the refusal, such ruling cannot be made the basis of an assignment of error which may be considered

by the appellate court. Thomas v. State, 49 Fla. 123, 38 South. Rep. 516; Milton v. State, 40 Fla. 251, 24 South. Rep. 60; Lester v. State, 37 Fla. 382, 20 South. Rep. 232; Shepard v. State, 36 Fla. 374, 18 South. Rep. 773. The exception recited in the bill of exceptions may be considered as a general exception to the refusal of the court to give all of the requested charges, but in such case such ruling is not error if a single requested instruction was properly refused. Moore v. Lanier, 52 Fla. 353, 42 South. Rep. 462; Griffin v. State, 48 Fla. 42, 37 South. Rep. 209; Gass v. State, 44 Fla. 70, 32 South. Rep. 109; King v. State, 43 Fla. 211, 31 South. Rep. 254; Baker v. Chatfield, 23 Fla. 540, 2 South. Rep. 822; Metzger v. State, 18 Fla. 481.

The second of the requested charges which were refused is as follows: "It is not enough to merely prove that the defendant was intoxicated while driving, operating or handling the said automobile; it is not enough to prove that the defendant was operating the said automobile at a great and unlawful rate of speed while he was in an intoxicated condition, and that by his careless and culpable negligent handling, operating, running and driving of the said automobile caused the same to collide with and strike into the deceased, and that as a result of the carelessness and negligence of the defendant in operating the said automobile, the wounds were inflicted upon Ursus McNeill, causing his death." We think it is clear that the court's refusal to give this charge was not error. Other charges embodying the same principle were requested and refused.

The alleged intoxication of the defendant is not an essential ingredient of the crime charged, proof of which beyond a reasonable doubt was indispensable before a conviction would be sustained. It is an element of the alleged

culpable negligence, which consisted of the operation of the automobile at an unlawful rate of speed upon a public street, but proof of the offense charged was not dependent on this single element of negligence. The acts of culpable negligence alleged, irrespective of whether the defendant was or was not intoxicated, would have been a proper basis for a charge of manslaughter if it was proved beyond all reasonable doubt by competent evidence that the death alleged resulted from such acts.

By the motion for a new trial portions of the charge given are alleged to have been erroneous, but, considering the charge of the court as a whole, we think it fairly presented the case and is free from harmful error.

There are conflicts in the testimony respecting the collision which caused the death of deceased; but there is ample proof to sustain the allegation that defendant was operating his automobile upon a public street at an unlawful and dangerous rate of speed under conditions that warrant a finding of culpable negligence; and there is no dispute upon the point that it struck the deceased, injuring him, rendering him immediately unconscious, and producing his death in a few hours. Such conflicts as there are have been settled by the jury, and the verdict being amply supported by the proof, will not be disturbed, so the judgment will be affirmed.

Affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.