WILLIAM MEIER, *Plaintiff in Error*, v. THE STATE OF
FLORIDA, *Defendant in Error.*

Opinion Filed January 24, 1923.

Petition for rehearing granted January 31, 1923.

Judgment re-affirmed April 9, 1923.

Petition for rehearing granted June 12, 1923.

Final order entered February 14, 1924.

No material or harmful errors of law or procedure being made to
appear in the record of the trial, the judgment herein of con-
viction of manslaughter is affirmed.

*On Second Rehearing.*

Where the members of the appellate court are equally divided in
opinion as to whether a judgment or writ of error should be
reversed or affirmed, and there is no prospect of a change of
judicial opinion, the judgment should be affirmed, so that the
litigation may not be unduly prolonged.

A Writ of Error to the Criminal Court of Record for
Duval County; J. M. Peeler, Judge.

Affirmed.

*Austin Miller, Wm. A. Hallowes, Jr.,* and *Miles W.
Lewis,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *Marvin C. McIn-
tosh,* Assistant Attorney General, for the State.

PER CURIAM.—The plaintiff in error was convicted of manslaughter upon an information charging in effect that "William Meier by his careless, culpably negligent handling, operating and driving of" an automobile upon the public streets of the city of Jacksonville, Florida, "caused said automobile to collide with one John Austin Moore," inflicting divers mortal wounds upon the head and body of John Austin Moore, of which Moore died; and that the said William Meier, in the manner and form aforesaid by and through his culpable negligence, the said John Austin Moore did unlawfully kill, contrary to the statute, &c.

On writ of error many assignments of error are argued, but they do not require extended discussion. The charge is legally sufficient under the law defining manslaughter as a predicate for the conviction; the evidence is ample to sustain the verdict and no material or harmful errors appear to prejudice the rights of the defendant at the trial. The charges given considered as a whole are not materially erroneous or unfair to the defendant, and the rulings on the admission of evidence and the conduct of the trial were not prejudicial and harmful if erroneous, and no substantial error of procedure is made to appear.

Affirmed.

TAYLOR, C. J., AND WHITFIELD, BROWNE AND WEST, J. J., concur.

### Re-affirmation on Rehearing.

PER CURIAM.—A rehearing having been granted herein and the cause having been argued orally and again fully considered by the court, it is ordered and adjudged that the judgment herein do stand affirmed. See Board of

Public Instruction for Santa Rosa County v. Croom, 57 Fla. 347, text 352, 48 South. Rep. 641; Wilson v. Sov. Camp W. O. W. 82 Fla. 281, 90 South. Rep. 32; Morgan V. Williams, filed this term.

Affirmed.

TAYLOR, C. J., AND WHITFIED AND WEST, J. J., concur.

BROWNE, J., dissents.

ELLIS, J., not participating.

*On Petition for Second Rehearing.*

PER CURIAM.—In affirming the judgment of conviction herein, a request for oral argument was overlooked. On argument three members of the court voted to affirm the judgment, one member not participating and one member dissenting. Since then an additional Justice has been added to this court. Under these circumstances the petition for rehearing should be and is granted.

TAYLOR, C. J., AND WHITFIELD, BROWNE AND WEST, J. J., concur.

*Opinion on Second Rehearing.*

PER CURIAM.—In this case the Chief Justice, Mr. Justice Ellis and Mr. Justice Browne are of opinion that the judgment rendered by the trial court to which the writ of error is addressed should be reversed. while Mr. Justice Whitfield, Mr. Justice West and Mr. Justice Terrell are of opinion that said judgment should be affirmed; and, there being no prospect of a change of judicial opinion, the judg-

ment should be affirmed on the authority of State *ex rel.* Hampton v. McClung, 47 Fla. 224, 37 South. Rep. 51; Pensacola Electric Co. v. Humphreys, 61 Fla. 389, 54 South. Rep. 452; Quigg, Chief of Police, v. Radel, 86 Fla. 197, 97 South Rep. 380; and State *ex rel.* Amos v. Hamwey, 87 Fla. decided at this term.

An order will be entered affirming the judgment herein.

All concur.

BROWNE, J., dissenting.

It appears from the record that during the argument by the County Solicitor, a certain bottle, the style and type commonly known as a whiskey flask, labeled in large letters with the name of the defendant, William Meier, was on a table directly in front of the jury. It had been offered or introduced in evidence, and was in no wise connected with the defendant, except that his name was thereon.

During the argument, the County Solicitor repeatedly handled and moved the bottle, thereby specifically directing the attention of the jury to it.

A request that the court instruct the jury to disregard this bottle was refused.

The defendant was convicted of manslaughter caused by his culpable recklessness and negligence in operating an automobile on the streets of the City of Jacksonville, thereby causing the death of John Austin Moore.

To establish negligence, the State sought to prove that the defendant Meier, at the time of the homicide, was intoxicated from the use of alcoholic liquor. A goodly portion of the State's testimony was directed to this point,

and was contradicted by a number of witnesses for the defendant.

From the nature of this testimony, it is apparent that the State regarded the condition of the defendant at the time of the accident, as an important and material issue; otherwise, the testimony as to his drunkenness would have been immaterial and improper.

The testimony denying his intoxication was as strong as that which asserted it. In this situation the presence of the whiskey flask before the jury, with the name of William Meier on it in large letters, might well have been the main factor with the jury in determining whether Meier was drunk at the time of the accident or not.

If the whiskey flask was a proper exhibit to corroborate the evidence of the defendant's drunkenness, it should have been proffered in evidence. This was not done. How it got before the jury the record does not show; but the only person who handled and used it was the County Solicitor. If he did not have it put there, he improperly made use of it, when he found it there.

Frequently, a mute, inanimate object can answer a question more decisively than spoken words. It would have been proper for the State Solicitor, in his argument before the jury, to contend that the drunkenness of the defendant at the time of the accident could be considered by them in connection with other testimony, to determine his culpable negligence. He might then have propounded to the jury the question, "Was William Meier drunk at that time or not?" and then merely by moving the whiskey flask from one place on the table to another, call the jury's attention to it, and putting it where they could readily see the name of the defendant on the whiskey flask, give an affirmative answer to his question.

I think the presence before the jury of this whiskey flask with William Meier's name on it, without having been introduced in evidence, was improper, and this and the conduct of the State Attorney in handling it, and thus calling it to the attention of the jury, were improper and prejudicial to the defendant.

I think the judgment should be reversed and a new trial granted in order that the defendant may have a fair and impartial trial, uninfluenced by evidence improperly placed before the jury, and by improper conduct on the part of the County Solicitor.