C. L. DENMARK, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion Filed October 9, 1924.

Petition for Rehearing Denied November 6, 1924.

1. Where an indictment is predicated upon the statute defining manslaughter, it is not necessary to allege provisions of another statute regulating the operation of motor vehicles on the public highways, even though the homicide is alleged to have been committed by ''culpable negligence'' in operating a motor vehicle on the public highways.

2. The judgment should not be reversed or a new trial granted in any case, civil or criminal, or for errors in giving or refusing charges, or for errors in any other matter of procedure or practice, unless it shall appear to the court from a consideration of the entire cause that such errors injuriously affect the substantial rights of the complaining party. Nor should a judgment be reversed or a new trial granted 'on the ground that the verdict is not sustained by the evidence, unless it appears that there was no substantial evidence to support the finding, or that upon the whole evidence the verdict is clearly wrong. or that the jury were not governed by the evidence in making their finding.

A Writ of Error to the Circuit Court for Columbia County, M. F. Horne, Judge.

Affirmed.

*J. B. Hodges,* for Plaintiff in Error;

*Rivers Buford, Attorney General,* and *Marvin C. McIntosh, Assistant,* for the State.

PER CURIAM.—The indictment herein charges that on January 5th, 1924, C. L. Denmark "upon the public highways and roads of Columbia County, Florida, was then and there operating a certain automoble and was then and there driving the said automobile in a reckless, careless and negligent manner, in that he, the said C. L. Denmark was culpably negligent in operating said automobile at a rate of speed greater than was then and there reasonable and proper, and not then and there having regard to the traffic and use of said public highway and road, and that the said C. L. Denmark by his careless, culpable negligent handling, operating and driving said automobile caused said automobile to collide with one G. T. Jackson, and he, the said C. L. Denmark by; through and from his

reckless and negligent manner of operating and driving of said automobile as aforesaid, did then and there give and inflict divers mortal wounds upon the head and upon the body of him the said G. T. Jackson, a more particular description of which said mortal wounds being to the grand juror unknown, of which said mortal wounds so inflicted as aforesaid the said G. T. Jackson then and there died, and so the grand jurors aforesaid, do say that he the said C. L. Denmark, in the manner and form aforesaid, by and through his culpable negligence the said G. T. Jackson did then and there unlawfully kill,'' &c.

The statute under which the indictment was found is as follows:

''The killing of a human being by the act, procurement or culpable negligence of another, in cases where such killing shall not be justifiable or excusable homicide nor murder, according to the provisions of this article, shall be deemed manslaughter, and shall be punished by imprisonment in the State Prison not exceeding twenty years, or imprisonment in the county jail not exceeding one year, or by fine not exceeding five thousand dollars.'' Sec. 5039 Rev. Gen. Stats.

Section II, Chapter 8410, Acts of 1921, provides: ''No person shall operate a motor vehicle on the public highways of this State recklessly, or at a rate of speed greater than reasonable and proper, having regard to the width, traffic and use of the highways so as to endanger the property or life or limb of any person.''

It is contended that the indictment is fatally defective because the word ''width'' is not used in charging the criminal conduct of the defendant in operating an automobile on the highway. The indictment is predicated upon Section 5039, Revised General Statutes of 1920, defining manslaugter, and not upon the Act of 1921, regulating the

operation of motor vehicles on the public highways, therefore the use of the word "width" was not an essential in charging manslaugter perpetrated by culpable negligence.

No reversible errors appear in the trial of the cause.

There is ample legal evidence to sustain the verdict. See Hobbs v. State, 83 Fla. 480, 91 South. Rep. 555; Meier v. State, 87 Fla. 133, 99 South. Rep. 124.

The judgment should not be reversed or a new trial granted in any case, civil or criminal, or for errors in giving or refusing charges, or for errors in any other matter of procedure or practice, unless it shall appear to the Court from a consideration of the entire cause that such errors injuriously affect the substantial rights of the complaining party. Nor should a judgment be reversed or a new trial granted on the ground that the verdict is not sustained by the evidence, unless it appears that there was no substantial evidence to support the findings, or that upon the whole evidence the verdict is clearly wrong, or that the jury were not governed by the evidence in making their finding. See Shuler v. State, 84 Fla. 414, 93 South. Rep. 672.

Affirmed.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur.

TAYLOR, C. J., AND ELLIS, J., concur in the opinion.

BROWNE, J., dissents.

On Petition for Rehearing.

PER CURIAM.—In a petition for rehearing it is stated that the court "omitted to give effect to Chapter 9364, Laws of Florida, 1923, as presented by assignments of error." The matter was fully considered by the court.

The statute referred to provides: "That at the trial of any criminal prosecution or civil action or proceeding at law in the courts of this State, the judge presiding shall charge the jury on the law of the case in the trial at the conclusion of the evidence and before argument of counsel." After the taking of testimony on both sides had been concluded and the judge had charged the jury as required by the statute, the court, on motion for the State, permitted two witnesses to be further examined. The judge then charged the jury as follows: "Gentlemen, I give you again the charge as before, and in the same condition, and also Section 1021, as before. You may now hear the arguments of counsel, after which, you will retire to your room for the consideration of your verdict."

As the presiding judge had complied with the statute, it was not necessary to again deliver the full charge to the jury; but the quoted charge given was sufficient. The statute was substantially followed and the defendant could not have been injured because the full charge was not repeated.

Rehearing denied.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.