BESSIE CANNON, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

En Banc.

Opinion Filed January 30, 1926.

216

*Abbott & Gaulden,* for Plaintiff in Error;

*J. B. Johnson,* Atty. Gen'l, and *J. B. Gaines,* Assistant for the State.

BROWN, C. J.—The plaintiff in error was indicted for manslaughter, Harold Fox being charged in the same count, by a sentence added at the end thereof, as accessory before the fact to the same offense, and the jury found both defendants guilty as charged ''with recommendation of' mercy for Harold Fox.'' The defendant, Bessie Cannon, plaintiff in error here, was sentenced to the penitentiary for a period of five years and has taken writ of error to review the judgment of conviction.

The gravaman of the charge against this defendant was that by her act, procurement or culpable negligence she recklessly drove an automobile against and upon the body of Mrs. B. L. Carr, inflicting mortal wounds causing her death.

There was a motion to quash the indictment upon the ground, among others, that the indictment fails to sufficiently identify the offense sought to be charged so as to protect defendants or either of them after trial from danger of a future prosecution for the same offense and certain other grounds as to the insufficiency of the indictment as against Harold Fox, who is not a party to this appeal.

This indictment was evidently drawn under Section 5039 of the Revised General Statutes of 1920, reading as follows: ''The killing of a human being by the act, procurement or culpable negligence of another, in cases where such

killing shall not be justifiable or excusable homicide nor murder, according to the provisions of this article, shall be deemed manslaughter, and shall be punished by imprisonment in the State prison not exceeding twenty years, or imprisonment in the county jail not exceeding one year, or by fine not exceeding five thousand dollars.''

The last clause of Section 5563 of the Revised General Statutes as amended by Chapter 9269 of the Laws of 1923, reads as follows: '' * * * and if the death of any human being be caused by the operation of a motor car by any person while intoxicated, such person shall be deemed guilty of manslaughter and, on conviction, be punished as provided by existing law relating to manslaughter.''

The language of the indictment, while sufficient to charge the offense defined in section 5039, the gist of one element of which is the culpable negligence of the defendant as being the cause of the death, was not sufficient to constitute a charge of manslaughter under this amendatory act. The additional words in the indictment, ''being at the time under the influence of intoxicating liquor,'' are not, in the commonly accepted meaning of such words, synonymous with or equivalent to the words in the amendatory statute, which are ''while intoxicated.'' Though all persons intoxicated by the use of alcoholic liquors are ''under the influence of intoxicating liquors,'' the reverse of the position is not true, for a person may be under the influence of intoxicating liquors without being *intoxicated.*

It is true that Chapter 9269, above referred to, amending Section 5563 of the Revised General Statutes, makes it a misdemeanor for any person ''while in an intoxicated condition or under the influence of intoxicating liquors to drive'' any automobile or motor vehicle on the streets or highways of this State, but it is only where death results from the operation of a motor vehicle by a person ''while

intoxicated'' that is defined as manslaughter.  In this connection the words ''under the influence of intoxicating liquors'' are omitted.  The felony lies not in driving of an automobile negligently while intoxicated or under the influence of intoxicants but in the killing of a person ''by the operation of a motor vehicle while intoxicated'' and in such case the question of ''culpable negligence'' in the driving of the automobile is not made an element of the crime.  No doubt the lawmakers based this statute upon the proposition that it is criminal negligence for a person in an intoxicated condition to attempt to drive an automobile upon the highways of this State and that if death results to any person while so doing such initial negligence will be imputed to the act itself and the driver held guilty of manslaughter.  It is therefore plain that this indictment is predicated upon said section 5039 of the Revised General Statutes; that it does not omit any requisite averment as to any of the elements of the offense under said section (Mills v. State 58 Fla. 74 51 South. Rep. 278) and that it does not constitute a charge of two separate and distinct offenses in the same count (Griswold v. State 77 Fla. 505 82 South. Rep. 44) ; though the latter is allowable in certain cases where a statute makes either of two or more distinct acts connected with same general offense and subject to the same punishment indictable as distinct crimes.  When in such cases such distinct acts are connected with the same general offense and committed by the same person at the same time they may be coupled in the same count and constitute but one offense.  Irvin v. State 52 Fla. 51, 41 South. Rep. 785.

As against the plaintiff in error, Bessie Cannon, the indictment is sufficient, without this allegation in regard to defendant being under the influence of intoxicating liquors, to charge her with manslaughter under said section 5039,

and said allegation, not being necessary or essential to describe or charge the offense, and not descriptive of any matter necessary to be proved, may be treated as surplusage, not being essential to the charge of the crime defined in section 5039. This does not mean that testimony as to defendant being in such condition could not be admitted in evidence in support of the element of culpable negligence. Hobbs v. State, 83 Fla. 480, 91 South. Rep. 555; Shaw v. State, 88 Fla. 320, 102 South. Rep. 550; Meier v. State, 87 Fla. 133, 99 South. Rep. 124; Denmark v. State, 88 Fla. 244, 102 South. Rep. 246; Mathis v. State, 70 Fla. 194, 69 South. Rep. 697; Padgett v. State, 40 Fla. 451, 24 South Rep. 145; Norwood v. State, 80 Fla. 613, 86 South. Rep. 506.

It may be that as against Harold Fox, the indictment was defective, but the plaintiff in error cannot complain of such defects. As to her, the action of the court in denying the motion to quash was without error.

It was permissible, as shown by some of the cases above cited, to allow the State to introduce evidence showing or tending to show that the defendant was under the influence of intoxicating liquor at the time the deceased was struck and injured, or that she was in that condition so shortly thereafter as to afford a reasonable inference that such condition existed at the time of the injury. See also 1 Wigmore on Evidence (2nd ed.) 235. This was admissible in support of the charge of culpable negligence, upon the theory that ordinarily persons under the influence of intoxicants to any considerable degree, though not actually intoxicated or drunk, are more apt to be heedless, reckless and daring than when free from such influence. Hobbs v. State, *supra;* Meier, v. State, *supra.*

The competency of circumstantial evidence is not to be determined by the conclusiveness of the inferences which

may be drawn from it. It is enough that these may tend, even in a slight degree, to elucidate the inquiry. Mobley v. State, 41 Fla. 621, 26 South. Rep. 732. Several witnesses, who had seen and had an opportunity to observe the acts, conduct, appearance and statements of the defendant at or near her automobile shortly after the fatal injury to the deceased, were allowed to testify, over defendant's objection, that she was "drunk," or under the influence of intoxicants, or "staggered like she was drunk," or words of similar import. There was no error in admitting such evidence. 22 C. J. 599; Jones on Evidence, 360 and Note; 1 Wigmore on Evidence (2nd ed.) 658 p. 754, 235, 660, 1154; May v. State, 167 Ala. 36, 52 South. Rep. 602; Kuhlman v. Wieben, 129 Iowa 188, 105 N. W. Rep. 445, 2 L. R. A. (N. S.) 666.

It was alleged in the indictment that the mortal wounds were inflicted upon the deceased on Poinsetti Street, in the City of West Palm Beach, in Palm Beach County, Fla. While the evidence showed the deceased received the fatal injuries in the city and county, as alleged, there was a variance as to the name of the street, which appears to have been called Broadway, or Dixie Highway, at that point. As the place was shown to be within the jurisdiction of the court, and as the averment of the exact location within the county was not essential to the indictment, the variance as to the name of the street or highway, was immaterial; nor does it appear that the defendant was misled thereby or embarrassed in the preparation of her defense. Roberson v. State, 42 Fla. 212, 28 South. Rep. 427, 428-9, 437; 1 Bishop's New Crim. Proc. 371.

There was no error of which the defendant could complain in the giving of charges 10, 11 and 12. They charge the elements of the offense as set forth in the statute and in addition thereto placed on the State the burden of prov-

ing that defendant was at the time under the influence of liquor. While this was not necessary, and hence erroneous, it was favorable rather than harmful to the defendant, and hence she cannot complain. Clemons v. State, 48 Fla. 9, 37 South. Rep. 647.

The lower court, in charges 16, 17 and 18, defined "culpable negligence" in somewhat varying language, but each in substance as "the omission to do something which a reasonable, prudent and cautious man would do, or the doing of something which such a man would not do, under the circumstances of the particular case." This may be substantially correct as a definition of simple negligence as the basis for recovery of compensatory damages in civil actions at law. Bucki v. Cone, 25 Fla. 1, p. 23, 6 South. Rep. 160; Baltimore & P. R. R. Co. v. Jones, 95 U. S. 439, 24 L. Ed. 506; Morris v. Florida Cent. & P. R. Co. 43 Fla. 10 Op. 25-6 29 South. Rep. 541. But to authorize the recovery of exemplary or punitive damages the negligence complained of must be of "a gross and flagrant character, evincing reckless disregard of human life or of the safety of persons exposed to its dangerous effects; or that entire want of care which would raise the presumption of indifference to consequences; or which shows such wantonness or recklessness or a grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others, which is equivalent to an intentional violation of them." Florida South. Ry. Co. v. Hirst, 30 Fla. 1, 11 South. Rep. 506; Florida East Coast R. Co. v. Hayes, 65 Fla. 1, 3, 60 South. Rep. 792; Fitzgerald v. State, 112 Ala. 34, 20 South. Rep. 966; Shaw v. State, 88 Fla. 320, 102 South. Rep. 550; Florida Ry. & Nav. Co. v. Webster, 25 Fla. 394, 419-21, 5 South. Rep. 714; Kent v. State, 53 Fla. 51, 43 South. Rep. 773. This definition of the character of negligence necessary to be shown to authorize the

recovery of punitive damages may well be applied as a
definition of "culpable negligence" as used in the statute
(section 5039) defining manslaughter. While the kind of
negligence required to impose criminal liability has been
described in different terms in different jurisdictions, it is
uniformly held that it must be of a higher degree than that
required to establish simple negligence upon a mere civil
issue and the definition above quoted from former decisions
of this court as to the character of negligence authorizing
punitive damages appears to be in line with the weight of
authority as to the character of negligence necessary to be
shown to sustain criminal liability. It stands to reason that
the degree of negligence to sustain imposition of imprison-
ment should at least be as high as that required for imposi-
tion of punitive damages in a civil action. 29 C. J. 1154;
1 Bishop on Crim. Law (9th ed.) 216, 314.

This was a case of circumstantial evidence, and when such
evidence is relied upon for conviction, "the circumstances,
when taken together, must be of a conclusive nature and
tendency, leading on the whole to a reasonable and moral
certainty that the accused, and no one else, committed the
offense. It is not sufficient that the facts create a strong
probability of, and be consistent with, guilt; they must be
inconsistent with innocence." Whetston v. State, 31 Fla.
240, 12 South. Rep. 661; Kennedy v. State, 31 Fla. 428, 12
South. Rep. 858; Gantling v. State, 40 Fla. 237, 23 South.
Rep. 857; Jenkins v. State, 35 Fla. 737, 18 South. Rep. 182;
Pate v. State, 72 Fla. 97, 72 South. Rep. 517; Hall v. State,
decided at June Term, 1925. As this rule as to the measure
of proof was not definitely embraced in the court's instruc-
tions to the jury, we cannot say, in the light of the evidence
in the case, and a careful study of the entire record, that
the error of the court is giving charges 16, 17 and 18, was
not harmful to the defendant. To the contrary, we con-

clude that such error was prejudicial, and that the judgment must be reversed.

Reversed and remanded.

WHITFIELD, AND TERRELL AND STRUM, J. J., concur.