W. H. BANNERMAN v. STATE.

170 So. 127.
Division B.
Opinion Filed October 16, 1936.

*Wm. C. Hodges* and *R. C. Horne,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for the State.

PER CURIAM.—The writ of error in this case is to a judgment convicting the plaintiff in error of manslaughter under an indictment charging as follows:

"The Grand Jurors of the State of Florida, duly chosen, empannelled and sworn diligently to enquire and true presentment make in and fon the body of the county of Madison, upon their oath present that, W. H. Bannerman, whose Christian name is to the Grand Jurors unknown, late of said County, on the 1st day of December, A. D. 1934, in the county and State aforesaid

"Did then and there unlawfully without authority of law by and through his own act, procurement and culpable neg-

ligence and with utter disregard for the life and safety of one Rufus A. Bostwick, drive an automobile upon the public highways of Madison County, Florida, and was then and there operating and driving the said automobile in a reckless and careless manner, in that he, the said W. H. Bannerman, was culpably negligent in operating said automobile at a rate of speed greater than was then and there reasonable and proper, and not then and there having due regard to the traffic and use of said public road and highway, and that the said W. H. Bannerman, by his careless, culpable and negligent handling, operating and driving said automobile caused said automobile to collide with another automobile, in which said other automobile the said Rufus A. Bostwick was then and there seated and riding, and he, the said W. H. Bannerman, by, through and from his reckless and negligent manner of operating and driving said automobile as aforesaid, and causing his said automobile to collide with the automobile in which the said Rufus A. Bostwick was seated and riding, then and there cause the said Rufus A. Bostwick to be thrown against the front and side of the automobile in which he, the said Rufus A. Bostwick, was then and there seated and riding, thereby and thus giving and inflicting divers mortal wounds upon the head, legs and body of him, the said Rufus A. Bostwick, a more particular description of which said mortal wounds being to the Grand Jurors unknown, of and from which said mortal wounds, so inflicted as aforesaid, the said Rufus A. Bostwick did then and there die; Contrary to the form of the Statute in such cases made and provided and against the peace and dignity of the State of Florida."

The questions presented in brief in behalf of plaintiff in error are stated as follows:

"1. Is there a fatal variance between the allegations of

an Indictment and the proof to sustain the charge of which Plaintiff in Error was convicted?"

"2. When the State elects to particularize as to an element of culpable negligence in an Indictment charging manslaughter based upon the operation of an automobile, can it then abandon such particularization and by testimony at the trial particularize upon another and distinct element of culpable negligence that is a distinct element of culpable negligence from the particular element of culpable negligence alleged in the Indictment?"

"3. Does the testimony of State Witness J. C. Dickey sustain the allegation of the Indictment that the deceased, Rufus A. Bostwick, died because of the wounds received in the accident established by the evidence?"

Questions 1 and 3 as presented do not comply with amended Rule 20, but, as the record is short, we will dispose of the case without further delay.

Questions 1 and 2 are to be answered in the negative, while question 3 must be answered in the affirmative. Inspection of the bill of exceptions shows they were so answered by the trial court.

It is contended by the plaintiff in error that because of the use of the language in the Indictment, as follows: "in that he, the said W. H. Bannerman, was culpably negligent in operating said automobile at a rate of speed greater than was then and there reasonable and proper," the State was bound to confine its proof to that particular culpable negligence and cannot rely for a conviction upon any other negligence. The contention is not tenable because the Indictment goes further and follows the above quoted language with this language: "and not then and there having due regard to the traffic and use of said public road and highway and that the said W. H. Bannerman by his careless,

culpable, negligent handling, operating and driving of said automobile cause said automobile to collide with another automobile in which said other automobile the said Rufus A. Bostwick was then and there seated and riding, and he, the said W. H. Bannerman, by, through and from his reckless and negligent manner of operating and driving said automobile as aforesaid and causing his said automobile to collide with the automobile in which the said Rufus A. Bostwick was seated and riding," etc.

The contention made in this regard by the plaintiff in error has been determined adversely by this Court in the case of Cannon v. State, 91 Fla. 214, 167 Sou. 306.

No reversible error being made to appear, the judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.