WILLIE PITTMAN, v. STATE.

184 So. 646.
Division A.
Opinion Filed October 25, 1938.
Rehearing Denied December 7, 1938.

*Wayne E. Ripley* and *F. R. C. Koester,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, *Tyrus A. Norwood.* Assistant Attorney General, *Frank T. Cannon* and *Carlton C. Arnow,* for the State.

BUFORD, J.—On writ of error we review judgment of conviction under an information in two counts, as follows:

"IN THE NAME AND BY AUTHORITY OF THE STATE OF FLORIDA L. D. HOWELL, County Solicitor for the County of Duval, prosecuting for the State of Florida in the said county under oath, information makes that Willie Pittman of the County of Duval and State of Florida, on the twenty-third day of January, in the year of our Lord One Thousand Nine Hundred and Thirty-seven, in the County and State aforesaid: did then and there unlawfully have in his possession certain lottery tickets, to-wit: said lottery tickets being commonly known as and called 'BOLITA' tickets, a more particular description of which said lottery tickets be-

ing to your informant unknown and which said lottery tickets as aforesaid, so held by and in possession of him the said Willie Pittman, as aforesaid, were evidence of an interest in a lottery, scheme or device not yet played.

"Second Count.

"And for a second count of this information, your informant aforesaid, under oath, further information makes, that Willie Pittman of the County of Duval and State of Florida on the twenty-third day of January in the year of our Lord one thousand nine hundred and thirty-seven, in the county and State aforesaid, was then and there unlawfully interested in or connected with a certain lottery in Duval County, Florida, by then and there unlawfully having in his possession certain lottery tickets commonly known as and called 'BOLITA' tickets, a more particular description of which said lottery tickets being to your informant unknown and he the said Willie Pittman did then and there have in his possession one lot of paper bills and silver coins of the value of six hundred and one Dollars in money and currency of the United States, a more particular description of which said lot of paper bills and silver coins being to your informant unknown and which said lottery tickets and money as aforesaid so held by and in the possession of him the said Willie Pittman, as aforesaid, were evidence of an interest in a lottery, scheme or device not yet played."

Motion to quash was interposed and properly denied.

Defendant was arraigned and pleaded not guilty.

The case was set for trial and pursuant thereto a jury was at a later day called, selected and sworn to try the issues. Thereafter, and on the same day before the taking of testimony, the defendant, while standing on his plea of not guilty, caused to be filed a plea in abatement which appears to have been ignored by the court. This action of the

court was without error because by entering the plea in bar, not guilty, the defendant had waived the right to interpose a plea in abatement. See Walker, v. State, 93 Fla. 1069, 113 Sou. 96, and cases there cited, and Sawyer v. State, 94 Fla. 60, 113 Sou. 736.

At the written request of the defendant as stated in brief and in oral argument at the bar of this court, the court gave the charge to the jury in writing by actually delivering the written charges to the jury and not by reading them to the jury. We do not approve the practice or procedure so followed, but there was no objeciton to the manner in which the charges were given. The only objection or exception as to this was:

"Mr. Ripley: Your Honor, for the purpose of the record, may we take exception to the charges?

"The Court: The charges will be part of the record in this case:—they are now part of the record.

"Mr. Koester: The two we requested, did they get in?

"The Court: I gave your first requested charge, and refused the second; note an exception."

In Dixon, v. State, 13 Fla. 636, it was said:

"It is clearly the duty of the court to deliver its charge to the jury *as it has been written,* and not to deliver it orally and trust to memory to reproduce it in writing afterwards.

"The twenty-third alleged error is, that 'the court refused to allow the defendant's counsel to offer any special charge to be given to the jury upon the subject of the juror's question.' The record shows that the defendant's counsel asked the privilege submitting special instructions upon the subject of the juror's question, which the court refused to hear.

"It is sufficient to remark, that the statute above mentioned expressly requires the judge, upon the presentation to him of instructions in writing which a party desires to

have given to the jury, 'to declare in writing his ruling thereon, as presented, and pronounce the same to the jury as given or refused;' and he shall write out and deliver to the jury his own ruling of the law upon the points raised. This statute recognizes expressly a right which before existed, that a person accused of crime should have the right to be heard by himself and by counsel in relation to every matter transpiring on his trial; and it would be an abuse of the judicial power to deny to him this right. The Court should in all cases give to the accused a reasonable opportunity to reduce to writing such instructions as he might desire upon matters transpiring during the trial. A denial of this is a denial of his right to be heard in his defense.

"The twenty fourth error alleged is, that the court allowed the jury to take with them into the jury room all the written instructions which had been given in charge by the court, and refused to let them take also the instructions which had been offered by defendant and overruled.

"The charge of the court is, by law, a part of the record. It is required that the judge deliver it to the jury as it is written. If it is desired by the jury, it is difficult to perceive any good reason why they may not take to their room the writing itself. Indeed, they may thus better understand it, and avoid confusion in their deliberations. And yet, if the court should permit any portion of the written charge to be taken by the jury, he should give them the whole of it. It is required that he write out his own ruling upon the points raised by the accused, and this is a part of the 'charge.' We do not understand clearly from the bill of exceptions that the judge did not deliver to them all that he had written out and declared to them. But we do not think it was the duty of the court to give into the hands of the jury the written instructions prayed for and denied, unless it seemed

necessary to a proper understanding of the charge of the court thereon. It is not apparent that any irregularity occurred in this latter particular."

In the Dixon case it was recognized that by delivering the written charges to the jury to be taken with them during their deliberations "they may thus better understand it, and avoid confusion in their deliberations." Charges are for the purpose of advising the jury of its functions and duties. We think that had the defendant personally or by counsel requested the Judge to read his charge to the jury in the presence of the accused it would have been error to have denied the request, but this was not done and neither was there any objection or exception to the course pursued. The plaintiff in error has not pointed out any reversible error in any of the charges so given. So, if any error was committed it was harmless error and was within the purview of Section 2812 R. G. S., 4499 C. G. L. See Dennard v. State, 88 Fla. 244, 102 Sou. 246; Courtney v. State, 61 Fla. 19, 55 Sou. 285.

Other questions presented by plaintiff in error have been considered in connection with the record presented and on consideration of the entire record, we find no reversible error. Therefore, the judgment is affirmed.

So ordered.

Affirmed.

Ellis, C. J., and Terrell, J., concur.

Whitfield, P. J., and Brown and Chapman, J. J., concur in the opinion and judgment.