## WILLIAM RODDENBERRY v. STATE OF FLORIDA

11 So. (2nd) 582                 January Term, 1942
May 26, 1942                            En Banc
Rehearing denied June 15, 1942

198

Bell & Bell, for appellant.

J. Tom Watson, Attorney General, Millard B. Conklin, Assistant Attorney General, and Woodrow M. Melvin, Special Assistant Attorney General, for appellee.

THOMAS, J.:

There are four phases of the challenge to the validity of the judgment of conviction against the appellant, William Roddenberry, for killing a person by driving an automobile while intoxicated. One of them concerns the constitutionality of the act denouncing the offense of which he was found guilty; one, the adequacy of the second count of the information to allege the crime; one, the sufficiency of the evidence to justify a verdict against him; and, one, the propriety of the court's charge to the jury.

It is the position of the appellant that Chapter 11809, Laws of Florida, Acts of 1927, was not passed in accordance with the provisions of Section 16 of Article III of the Constitution which states that "Each law . . . shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title . . . "

Chapter 11809, supra, was entitled "An Act To Amend Section 5563 of the Revised General Statutes of Florida Relating to Intoxicated Persons Operating Automobiles and to

Provide for Penalties for a Violation of Said Section as Amended." The amended act simply prohibited the driving of an automobile in the State of Florida by a person at the time intoxicated and provided that any one found guilty of its violation should be punished "as for a misdemeanor." Appellant insists that the declaration in the amending act that the killing of a person by the operation of an automobile by another while intoxicated should be punished "by existing law relating to manslaughter" was not matter properly connected with the title which referred only to a law condemning the infraction as a misdemeanor. He goes even further and contends that in this manner manslaughter as defined in the statutes and at common law is modified.

It has long been settled law that titles to acts of the Legislature must not be misleading or so constructed as to "avert inquiry" as to the provisions contained in them. State v. Burns, 38 Fla. 367, 21 So. 290. We are unable to agree with the appellant that the act under scrutiny has in anywise violated this rule. A casual examination of the history of legislation to punish intoxicated drivers who cause injury to persons and property discloses that the titles of the original act, Chapter 6882, Laws of Florida, Acts of 1915 (Section 5563, R.G.S., supra) Chapter 9269, Laws of Florida, Acts of 1923 and Chapter 11809, supra, upon which the present prosecution is based, are substantially the same in their reference to the operation of motor vehicles by intoxicated persons and to penalties for their violation. Thus, for a quarter of a century there has been law upon the statute books providing punishment of those who endanger the lives and property of others by operating automobiles while intoxicated. The act presently in force, it is true, made the punishment more severe and described the offense of killing a person by a car under the control of a drunken driver as manslaughter.

It is evidently the reasoning of the appellant that the title of the act was calculated to mislead because there was no reference in it to the existing law defining other kinds of manslaughter and providing punishment. With this contention we are not sympathetic. It cannot be successfully

argued that one reading the caption would not have been placed on notice that the driving of an automobile by a person intoxicated was forbidden and that a penalty for such misdeed was prescribed. It is difficult to see how he could have been misled because the section with reference to other forms of manslaughter was not mentioned. Manslaughter under the common law was defined as the unlawful killing of a human being without malice either expressed or implied (Wharton's Criminal Law, Volume 1, Section 422), and the general statutes in this state on the subject describe the offense as "The killing of a human being by the act, procurement or culpable negligence of another, in cases where such killing shall not be justifiable or excusable homicide nor murder. . . " There are many statutes prescribing that unlawful death in particular circumstances is manslaughter. Applied to the acts which we are interpreting and bearing in mind the common law and statutory definitions of the offense it is apparent to us that the reader was placed on notice not only that the operation of an automobile was an unlawful act but also that death resulting therefrom would constitute manslaughter and that the penalty for that offense would be imposed.

It certainly cannot be said that the bill was intended to cover "disassociated objects of legislative effort" which has been announced as the test of "duplicity of subject." State ex rel. Thompson, 120 Fla. 860, 163 So. 270. We think that the condemnation of the act and the fixing of the punishment for violation are, by their very nature, allied subjects. The facts that violation was denominated "manslaughter" and that there was no reference to other crimes falling in that category do not make the law invalid.

Appellant further urges us to reverse the judgment because of the action of the trial court in denying his motion to quash the information. The ground relied upon is that there was no averment that the automobile was being operated on a highway, thoroughfare or street. The precise question was presented in Patterson v. State, 128 Fla. 539, 175 So. 730, and the ruling was adverse to the position now taken. We are not disposed to recede from that decision and,

therefore, we hold that the information does not contain the infirmity charged to it.

We have read the entire report of the testimony taken at the trial and although, as is usual in such cases, there is some dispute as to the sobriety or drunkenness of the defendant at the time of the accident it is shown that there was abundant evidence to justify the conclusion of the jury.

The appellant insists that the court erred in giving the instructions to the jury. It seems from the record that the only two charges requested by him were given by the court. The rule is established that a defendant who expects to take advantage of any omission on the part of the court in charging the jury should request the instruction desired and that if he fails to do this, he will not be heard to complain. Milton v. State, 140 Fla. 617, 192 So. 219. It is the appellant's assertion that the instructions given by the court did not include all of the elements of the offense alleged in the information "because they permitted the jury to convict . . . without proof beyond a reasonable doubt that he was driving carelessly . . . and permitted the jury to convict although they might believe that the death was caused wholly by the negligence of the deceased."

The primary offense denounced by the statute is the operation of an automobile by an intoxicated person and there are different degrees of punishment which may be meted out to the defendant on the injury resulting to person or property. The most severe is the one which may be imposed where death results but there is no burden upon the state to prove that at the time of the incident the defendant was negligent. That element is established if it be shown that he was not, at the time, in possession of his faculties due to the voluntary use of intoxicants.

In view of what was written by the Court in Cannon v. State, 91 Fla. 214, 107 So. 360, the negligence occurred at the time the driver, drunken to the extent named in the statute, entered the vehicle and proceeded to operate it and that negligence attached at the time the collision occurred, resulting in the death for which the defendant was placed on trial. It was not necessary to show that there was additional

negligence when the collision occurred and no error was committed on the part of the court when he referred in his charges to a "collision" and did not place upon the state the burden of establishing beyond a reasonable doubt that there was some further wrongdoing on the part of the defendant before conviction would be warranted. The provision of the statute with reference to the death of a person being "caused" by the operation of the car is the equivalent of stating that death resulted from his misconduct which had its inception at the time he took control of the car and proceeded to operate it while not in possession of his faculties.

We are of the opinion that the circuit judge properly instructed the jury of their responsibilities in trying the offense which we have been discussing. He directed them to find the defendant guilty if it was established in the testimony beyond a reasonable doubt that he was voluntarily intoxicated and while in that condition collided with the car occupied by the deceased, her death resulting "as a proximate cause of such collision." It was expressed in another instruction that he should be found guilty if it was established that while in the drunken condition the defendant operated an automobile which collided with the one in which the deceased was riding and "so caused" her death. These charges are harmonious with the provision of the statute that conviction may be based upon proof that death is "caused by the operation of a motor vehicle by any person while intoxicated . . ."

We find no deficiencies in the instructions we have quoted and think they fairly state the rule by which the jury was bound in considering the evidence. The case was justly tried and the verdict properly reached. The judgment is, therefore—

Affirmed.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, CHAPMAN, and ADAMS, JJ., concur.