SHANNON, Judge.
The appellant was convicted and sentenced upon an information in two counts charging: 1) that he did cause a death by culpable negligence in the operation of an automobile; and 2) that he committed manslaughter in the operation of a motor vehicle while he was intoxicated.
The facts in this case are fairly simple. The record shows that one Frederick Paul Robair arrived at the east end of the Belle-air Causeway in Pinellas County at approx *487 imately 6:40 or 6:45 P.M., and then started to walk across the causeway in a westerly direction. Just prior to 7:00 P.M. he was found dead on the west end, lying about five feet off the northern edge of the causeway. He had been the victim of a hit and run driver.
The defendarrt-appellant had had his car repaired that same afternoon, and had picked it up at about 5:00 P.M. He was at that time apparently under the influence of intoxicants. The toll collector on the Belleair Causeway testified that soon after Robair had started to walk across the causeway, a person drove up to the tollhouse going in a westerly direction in an older model light blue automobile. The driver had such difficulty in handling the toll charges that it was apparent that he was intoxicated. The toll collector testified that the car proceeded westerly across the causeway, but that it returned some ten or twelve minutes later, heading east, and was “making an unnecessary noise and had a dent in the hood. The hood was sprung.” The collector said that the driver again had trouble handling his money, and in his words — “his fingers did not seem to work very good” and he “kept dropping it in his lap.” He further testified that later that evening he saw the vehicle at a garage and recognized it as belonging to the defendant.
At approximately seven o’clock that evening, i. e., shortly after the return trip over the causeway, the defendant was arrested by a highway patrolman for driving while intoxicated. The officer testified as to the various tests that he had made on the defendant, and also as to the damage to the car. In checking with headquarters relative to the damaged condition of the car, the officer learned of the death of Robair, the scene of which was some three or four miles distant. The testimony relative to the defendant’s sobriety, and the testimony relative to the car damage (which was identified by the FBI as being defendant’s) went to the jury, and it was more than sufficient to show the intoxication of the defendant, as well as the fact that the dead man was struck by the defendant.
On his appeal the defendant has posed four points. Two of these points will be considered in this opinion; the other two-show no reversible error,
In point two the appellant questions' the sufficiency of the evidence to show that at the time of the accident he was guilty of culpable negligence. We must rule for the appellant on this issue, as we find insufficient evidence to sustain the charge. Notwithstanding that the jury found that appellant was drunk at the time of the homicide, and that the car he was driving did strike the deceased, we are nevertheless shown no facts from which he could be deemed guilty of culpable negligence. The record bears out the fact that the death was caused by defendant’s car, but by what means or in what manner, it is impossible-to state — possibly the deceased was struck in the roadway, or conceivably he could have stepped out in front of the car, or it could have been a multitude of things, none of which could possibly have constituted culpable negligence.
In Jackson v. State, Fla.App.1958, 100 So.2d 839, the defendant was charged with causing the death of a person as a result of culpable negligence in the operation of an automobile, and secondly, causing the same death as a result of driving while intoxicated. The jury found the defendant guilty of the offense charged in the first count, and acquitted him of the offense charged in the second count. Judge Wigginton, reversing for the First District, stated, in part:
“When viewed in a light most favorable to the State’s position, the only credible evidence tending to establish culpable negligence may be summarized as proving that at the time of the initial collision defendant was (1) travel-ling at approximately 60 miles per hour; (2) under the influence of alcohol at least to some degree; and (3) *488 across the center line on the wrong side of the road.”
In the Jackson case there was testimony to support the statements of fact as shown by the opinion, yet the court reversed. In the instant case, other than the fact of the appellant’s intoxication we do not have any evidence, either direct or circumstantial, proving, or tending to prove, any acts which could be found by the jury to constitute culpable negligence. The offense of culpable negligence has been defined by our Supreme Court to be of “a gross and flagrant character, evincing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or that entire want of care which would raise the presumption of indifference to consequences, or which shows such wantonness or recklessness, or a grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others which is equivalent to an intentional violation of them.” Cannon v. State, 1926, 91 Fla. 214, 107 So. 360; Hunt v. State, Fla. 1956, 87 So.2d 584; and Franklin v. State, 1935, 120 Fla. 686, 163 So. 55. There is no evidence in the record from which the jury could have found that the defendant was guilty of any of the acts that we have summarized, and so we think that the court erred in not granting defendant a directed verdict on the first count of the information.
Appellant’s next point is directed to the second count of the information, to wit, causing a death by the operation of a motor vehicle while intoxicated. Under the pertinent statute, i. e., Sec. 860.01, Fla. Stat., F.S.A., negligence is not involved, nor is it necessary to prove such element of the crime. It is simply a question of intoxication of the defendant and of the fact that he was driving the car at the time of the collision. Evidence touching upon both of these points was considered by the jury, and there was ample and sufficient evidence for the jury to determine both elements, i. e., that he was driving, and that he was intoxicated.
For an interesting note on the intoxication question, see Legislation, Manslaughter by Automobile in Florida, 4 U.Fla.L.Rev. 360 (1951). It is said at p. 366;
“Death in an accident occurring when the driver of the offending vehicle is intoxicated is apparently regarded by the Legislature as so serious that, by statute, proof of culpable negligence in such situations is unnecessary to sustain a conviction of manslaughter. The first legislative enactment concerning driving while intoxicated was passed in 1915. That act made it a misdemeanor for any person to operate an automobile while intoxicated. It was amended in 1923 by providing a greater penalty for the misdemeanor if damage to property result and adding that if death result the driver shall be guilty of manslaughter. The additional manslaughter provision was restricted to driving while intoxicated, while the misdemeanor portion embraced both driving while under the influence of intoxicants and while in an intoxicated condition. The statute has continued in substantially this form to the present.
“This statute has been held to create a separate offense, of which culpable negligence is not a specific element and need not be alleged. The offense is not in driving negligently while intoxicated but in the killing of a person by driving while intoxicated. * * H-- ”
In the case of Roddenberry v. State, 1942, 152 Fla. 197, 11 So.2d 582, appeal dismissed, 317 U.S. 600, 63 S.Ct. 266, 87 L.Ed. 490, there is an excellent opinion by Mr. Justice Thomas on the history and development of this statute. In a portion of his opinion the Justice states:
“ * * * Thus, for a quarter of a century there has been law upon the *489 statute books providing punishment of those who endanger the lives and property of others by operating automobiles while intoxicated. The act presently in force, it is true, made the punishment more severe and described the offense of killing a person by a car under the control of a drunken driver as manslaughter.”
In the course of the opinion the court also had occasion to say:
“ * * * The most severe is the one which may be imposed where death results but there is no burden upon the state to prove that at the time of the incident the defendant was negligent. That element is established if it be shown that he was not, at the time, in possession of his faculties due to the voluntary use of intoxicants.
“In view of what was written by the court in Cannon v. State, 91 Fla. 214, 107 So. 360, the negligence occurred at the time the driver, drunken to the extent named in the statute, entered the vehicle and proceeded to operate it and that negligence attached at the time the collision occurred, resulting in the death for which defendant was placed on trial. * * * ”
And, as we have stated, the evidence was sufficient to find that the appellant was operating the car at the time of the accident, and that he was intoxicated. Hence, we must affirm the conviction on the second count of the information.
In view of the fact that the appellant was found guilty on both counts of the information and the sentence was given “ * * * that you be imprisoned by confinement and committed to the custody of the department of corrections for a term of six months to ten years * * * ”, we will have to reverse the first count of the information, as well as the sentence itself, so that the court below may re-sentence the defendant on the second count of the information.
Reversed in part and affirmed m part.
KANNER, Acting C. J., and BARK-DULL, THOMAS H., Jr., Associate Judge, concur.