BOYER, Chief Judge
(specially concurring).
I concur in the result reached and the reasoning thereof.
In the Clowney case (cited in the majority opinion) the appellant, as in the case sub judice, was charged in the first count with the offense of manslaughter by culpable negligence and in the second count with manslaughter by intoxication. As here, the jury in the Clowney case found the appellant not guilty under the first count but convicted him under the second. In Clowney, the second count alleged that the defendant caused the death of a person when the defendant struck such person with *319 a car “while intoxicated by the voluntary use of alcoholic liquor * * In the case sub judice, the defendant was not charged with causing the death of another “while intoxicated”: On the contrary, the second count of the information sub judice alleged that the defendant caused the death of another “while under the influence of intoxicating liquors to such an extent that he was deprived of his normal faculties * * * »
In the Clowney case, appellant’s attack was upon the instructions given by the trial court. Sub judice the attack is upon the information itself. The Supreme Court of Florida, in Clowney, recognized the distinction when it stated:
“The circumstances in the present case are not precisely those with which the court dealt in the three cases already cited. [Cannon v. State, 91 Fla. 214, 107 So. 360, Taylor v. State, Fla., 46 So.2d 725, and Smith v. State, Fla. 65 So.2d 303] In Cannon v. State, supra, the defendant had been charged in a single count with both kinds of manslaughter, namely by culpable negligence and while intoxicated. This court held that the allegations were insufficient to charge intoxication and that the charges with reference to culpable negligence, were deficient so the judgment of conviction was reversed. In both Taylor v. State, and Smith v. State, supra, the defendants were found not guilty of causing death when driving while intoxicated.”
“. . . Taking the opinions in the order cited it was held in Cannon v. State, supra, that there was a distinction between the word ‘intoxicated’ and the term ‘under the influence of intoxicating liquor,’ for a person might be under the influence of liquor without being intoxicated. [91 Fla. 214, 107 So. 361] In that case, as we have indicated, the court was considering the allegations of the indictment.
“In the next cited case, Taylor v. State, supra, [46 So.2d 726], we referred to the Cannon case, and reiterated the announcement that the word ‘ “intoxicated” ’ and the term ‘ “under the influence of intoxicating liquor” ’ were not synonymous, the former being a stronger expression. In Smith v. State, supra, we recognized again this distinction.” (102 So.2d 620-621)
The Supreme Court thereupon held that the District Court’s opinion in Clowney “did not clash with decisions” of the Supreme Court and thereupon denied the writ of certiorari. It seems to me, therefore, that the Supreme Court in Clowney did not approve the substitution in the charging information of any terminology for the words of the statute, viz: “while intoxicated”. On the contrary, as the above quoted portion of the Supreme Court’s opinion in Clowney demonstrated, the court recognized that the word “intoxication” and the term “under the influence of intoxicating liquor” were not synonymous, the former being a stronger expression. (See also Cannon v. State, supra)
Even had it been the intention of the Supreme Court in Clowney to hold that the lesser expression might be substituted in the charging information for the words mandated by the statute, viz: “while intoxicated”, the information sub judice nevertheless did not reach the definition of intoxication inferentially approved by the Supreme Court in Clowney. There the Supreme Court appears to have defined intoxication to mean “under the influence of intoxicants to the degree that he [defendant] had been deprived of the normal control of his bodily or mental faculties.” Sub judice, the second count of the information charged the defendant with causing the death of another “while under the influence of intoxicating liquors to such an extent that he was deprived of his normal faculties.” The information omitted the crucial words “control of his bodily or mental” faculties.
*320 In summary as I conceive the Supreme Court to have repeatedly held in the cases above cited, an information which seeks to charge manslaughter under F.S. 860.01 must allege that the death for which the defendant is charged with having caused by the operation of his motor vehicle was while such defendant was “intoxicated”. Upon a defendant having been so charged the trial judge is then free to define “while intoxicated” under the case law of the State of Florida; that being the subject of the Clowney case.
Since we have reversed on other grounds, it is perhaps not necessary to discuss appellant’s second point. However, because of its importance, I am of the view that it should be addressed. The trial court charged the jury regarding the presumption contained in F.S. 322.262(2) (c). Appellant now argues that charge to have been improper because of the basic inconsistency between the degree of intoxication required for conviction under F.S. 860.01(2). I am of the view that appellant is correct.
The presumption referred to in F.S. 322.-262(2)(c) applies to the offense commonly known as “driving while intoxicated.” To sustain a conviction under that particular criminal charge it is necessary only to prove that a defendant was under the influence of intoxicating beverage to the extent that he was deprived of the “full possession of his normal faculties”. However, where one is charged with manslaughter by intoxication, as in the instant case, the state must prove the defendant was intoxicated. The presumption raised by F.S. 322.262(2) (c) is immaterial to a charge of manslaughter by intoxication and a charge incorporating a reference to such presumption is likely to mislead the jury in its consideration of a charge of manslaughter by intoxication.
Further, although not squarely raised sub judice, I think it appropriate to observe that I have serious reservations as to the constitutional validity of interpreting the construction of any statute in such a manner to raise a presumption of guilt in a criminal case contrary to the cornerstone of the American system of criminal jurisprudence, to wit: That every person charged with a crime is presumed innocent until proved to be guilty beyond and to the exclusion of a reasonable doubt. Insofar as State v. Fitzpatrick, Fla.App. 4th 1974, 294 So.2d 708, cited by appellee, might be construed contra I respectively disagree with it.