GEORGE GEE, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

1.  In a prosecution for manslaughter by shooting, irrelevant testimony as to what a witness who was present had said about his having carried the pistol to the place where the defendant shot the deceased, was properly excluded.

2.  Evidence tending to show premeditation is not necessarily inadmissible in a prosecution for manslaughter.

3.  A requested charge in effect that if the defendant assaulted the deceased with a deadly weapon without an intent to kill, and death resulted, the defendant is guilty of aggravated assault and not manslaughter, was properly refused.

4.  A charge on murder in the third degree is not necessary in defining manslaughter when the evidence does not warrant it.

5. Where no fundamental rights have been violated, and the evidence of guilt is amply sufficient, technical errors in rulings on the admission of testimony or in giving or refusing charges will not cause a reversal.

This case was decided by Division A.

Writ of error to the Criminal Court of Record for Duval County.

The facts in the case are stated in the opinion of the court.

*A. G. Hartridge,* for Plaintiff in Error;

*Park Trammell,* Attorney General, for the State.

WHITFIELD, C. J.—George Gee was informed against and convicted for manslaughter in the Criminal Court of Record for Duval County, and took writ of error.

The deceased was shot by the defendant while they with others were on a frolic and drinking. A State witness was asked on cross-examination if before the shooting he had had a conversation with an employee of a barroom who had told witness that it was against the law to sell whiskey to drunken people. An objection to the question was sustained and an exception noted. The relevancy of this question does not appear. If the purpose was to show the defendant was drunk, the question was objectionable because even if the remark had reference to the defendant it did not call for the best evidence, and further because the guilt of the defendant is not affected by his being merely drunk. The court properly sustained an objection, as irrelevant and immaterial, to a question on cross examination as to whether the witness who was present at the shooting had not told the mother of the de-

ceased that witness took the pistol along of his own free will and felt in a measure responsible for the occurrence. Another question calling for testimony tending to show the witness had taken the pistol along was properly over-ruled as being irrelevant.

There is no exception to the ruling assigned as the third error.

An assignment of error that the court erred in admitting "testimony showing premeditation on the part of defendant to effect death," is too general to merit consideration where no definite objections and exceptions are pointed out. Evidence admissible on the issues here may tend to show premeditation without making it inadmissible.

The court refused to give the following requested instruction:

"If you find from the evidence that the defendant assaulted said decedent with a deadly weapon to-wit a pistol, that the defendant had no intent to kill the decedent or any other person, that as the result of such assault the said Roy Thornton was killed, then the defendant is guilty of aggravated assault, and not guilty of manslaughter as charged in the information."

This charge was properly refused as inapplicable to the facts of this case since the party assaulted died as a result of the wound received.

No reversible error appears in the charges given, excepted to and assigned as error and argued here. One charge given does not give the entire statutory definition of manslaughter, but this is supplied in a subsequent charge given. The facts of the case did not call for a charge on murder in the third degree in defining manslaughter. The feature of the charge referring to the intent with which the defendant made the assault upon the deceased was not unfavorable to the defendant. The tran-

script does not show that any fundamental right has been violated, and the evidence of defendant's guilt is of such a nature that no harm could have resulted to him even if there were technical errors in the rulings of the court in rejecting the testimony, or in giving or refusing the charges complained of. See Hopkins v. State, 52 Fla. 39, 42 South. Rep. 52; Goff v. State, 60 Fla. 13, 53 South. Rep. 327.

The judgment is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.