ALEXANDER BELL, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

## Opinion Filed June 9, 1913.

1. In a prosecution for withholding means of support from a wife and child testimony that the defendant's partner refused to let the wife have anything from their store is not hearsay and is relevant to the issue being tried.

2. The merits of a suit for alimony are not material in a criminal prosecution for withholding the means of support from a wife and child.

3. Objections to specific testimony and exceptions to rulings thereon should be duly presented in the bill of exceptions if a review of the rulings is desired.

4. Where no fundamental rights have been violated, and the evidence of guilt is amply sufficient, technical errors in rulings on the admission of testimony or in giving or refusing charges will not cause a reversal.

Writ of error to the Court of Record of Escambia County.

Judgment affirmed.

*R. P. Reese,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* for the State.

WHITFIELD, J.—Bell was informed against in two counts, one count charging desertion of his wife and child without there existing at the time of such desertion a cause recognized as a ground for divorce in this

State, and the other count charging that he withheld from his wife and child the means of support, in violation of Section 3569 of the General Statutes of 1906.

The defendant was found "guilty as charged" and took writ of error to the judgment and sentence.

At the trial the defendant's wife in testifying that the husband withheld from her the means of support, stated that the defendant's partner refused to let her have anything from their store. The court refused to strike this testimony, and on exception and assignment of error, it is urged that the testimony is hearsay, irrevelant and prejudicial. It is clear the testimony is not hearsay, and that it is relevant to the issue of withholding the means of support. It was properly admitted.

The court properly excluded a copy of the record in an alimony suit and testimony as to the result of a suit for alimony previously brought by Bell's wife against him, since the merits of the suit between the parties was not material to the issue in the criminal prosecution of Bell.

On cross-examination the defendant testified without objection that he knew a certain woman of bad repute and where she lived. He was then asked: "Have you visited her down there?" The court refused to exclude this question, and an exception was noted. The question was not answered, and no further exceptions were noted to this line of interrogation. Even if this line of enquiry was not germain to the issue of the defendant's withholding the means of support from his wife and child, by spending time and money in immoral conduct, sufficient objection and exceptions to specific testimony do not appear in the bill of exceptions to enable the court to pass upon asserted errors.

There are a number of other assignments of error on

the admission or rejection of testimony, but upon a full consideration of them it appears that no fundamental rights of the defendant have been violated. Even if there be technical errors in rejecting or admitting testimony, there is ample evidence to support the verdict and the errors, if any, are apparently harmless and should not cause a reversal of the judgment of conviction. Wallace v. State, 41 Fla. 547, 26 South. Rep. 713; Rhodes v. State, filed this day.

Numerous errors are assigned on the giving and refusal of charges, but no material or harmful errors appear therein; and as the charges given fully and fairly cover the law applicable to the facts, there is no ground for reversal. See Gee v. State, 61 Fla. 22, 54 South. Rep. 458; Hopkins v. State, 52 Fla. 39, 42 South. Rep. 52.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.