GEORGE STREET, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed August 9, 1918.

1. Refusal to give a requested instruction that "a reasonable doubt of a person's guilt may exist, though there may not be a probability of his innocence" is not an error, a full and proper charge on the subject having been given.

2.  Where errors of procedure, if any, are harmless and the evidence amply sustains the verdict, the judgment will be affirmed.

Writ of Error to Criminal Court of Record for Orange County; T. P. Warlow, Judge.

Judgment affirmed.

*J. A. Rowe,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *Worth W. Trammell,* Assistant, for the State.

WHITFIELD, J.—On writ of error to a conviction for being a common liquor dealer, a felony under the statute, Chapter 6861, Acts of 1915, it is contended that the court erred in refusing a requested instruction that "a reasonable doubt of a person's guilt may exist, though there may not be a probability of his innocence," and that the evidence does not support the verdict.

The State's case largely depended upon the testimony of witnesses employed to detect such violations of the law. The evidence being believed by the jury was amply sufficient to sustain the conviction.

If the refused request be sound law and is applicable to the evidence adduced, the court gave a full and proper charge on reasonable doubt, and also charged that "While it is entirely legitimate for the Sheriff to employ detectives or spotters to run down and ascertain those who violate the law, the court instructs you that when people act in the capacity of private detectives or spotters their evidence should be received with caution, and it becomes the duty of the jury to scrutinize the testimony of such

persons to say whether or not the testimony of the persons so acting is biased, whether the interest they served has influenced them to an extent that would reflect upon or affect their testimony."

Even if errors were committed as asserted, they were harmless in view of the whole record.

Judgment affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.