KIRBY L. SANDLIN, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed August 15, 1918.

1. The provision of Chapter 5902, Acts 1909, that, "it shall be ground of challenge for cause if any person called as a juror has served as a juror at any other term within one year," has reference to the time of service and not to terms of the Court.

2. Alleged errors in giving or refusing charges or instructions, and in the admission or rejection of testimony which do not weaken the effect of the admitted testimony, and which do not reach the legality of the trial itself will not be considered grounds for reversal where the evidence leaves no room for reasonable doubt of the defendant's guilt.

3. A judgment of conviction will not be reversed on writ of error even if technical errors were committed in rulings on the admissibility of evidence or in charges given or refused or in other matters of procedure, where the evidence of guilt is clear and ample and no fundamental rights of the defendants were violated, and it appears from the whole record that such technical errors, if any, were not prejudicial to the defendants.

Writ of Error to Circuit Court for Hamilton County; C. L. Wilson, Judge.

Judgment affirmed.

*Cone & Chapman* and *S. S. Sandford,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

WHITFIELD, J.—On an indictment charging an assault with intent to commit murder, Sandlin was convicted of an aggravated assault and took writ of error.

The provision of Chapter 5902, Acts of 1909, that, "it shall be ground for challenge for cause if any person called as a juror has served as a juror at any other term within one year," has reference to the time of service and not to terms of the court.

In this case the person called as a juror had not served within a year, though the term of the court at which he was called may have been convened within a year of his last service as a juror. Besides this, the person so called was excused by the defendant and it does not appear that his peremptory challenges were thereby exhausted to his injury, thus rendering the ruling on the challenge for cause harmless if error.

As the defendant was charged with an assault with a pistol, testimony as to whether the victim was at the time otherwise injured; is in this case harmless if error. Other errors, if any, in rulings on testimony and in refusing requested charges, were in view of the charges given and the evidence, immaterial and harmless.

Alleged errors in giving or refusing charges or instructions, and in the admission or rejection of testimony which do not weaken the effect of the admitted testimony, and which do not reach the legality of the trial itself will not be considered grounds for reversal where the evidence leaves no room for reasonable doubt of the defendant's guilt. Hopkins v. State, 52 Fla. 39, 42 South. Rep. 52.

A judgment of conviction will not be reversed on a writ of error even if technical errors were committed in rulings on the admissibility of evidence or in charges given or refused or in other matters of procedure, where the evidence of guilt is clear and ample and no fundamental rights of the defendants were violated, and it appears from the whole record that such technical errors, if any, were not prejudicial to the defendants. Seymour v. State, 66 Fla. 133, 63 South. Rep. 7; Kersey v.

State, 73 Fla. 832, 74 South. Rep. 983; Crane v. State, decided at the present term.

Judgment affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.