P. D. DIXON, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed April 24, 1920.

1. It is not error to refuse requested charges when they were sufficiently covered by charges given to fairly present the case to the jury on the different phases of the evidence as adduced under the issues.

2. Conflicts in testimony are settled by the jury and may not be reviewed when there is ample evidence to support the verdict and harmful error is not made to appear.

3. The judgment should not be reversed or a new trial granted in any case, civil or criminal, for errors in rulings upon the admission or rejection of evidence or for errors in giving or refusing charges, or for errors in any other matter of procedure or practice, unless it shall appear to the court from a consideration of the entire cause that such errors injuriously affected the substantial rights of the complaining party; Nor should a judgment be reversed or a new trial granted on the ground that the verdict is not sustained by the evidence, unless it appears that there was no substantial evidence to support the finding or that upon the whole evidence the verdict is clearly wrong or that the jury were not governed by the evidence in making their finding.

A Writ of Error to the Circuit Court for Madison County; M. F. Horne, Judge.

Judgment affirmed.

*W. P. Chavous* and *Hal W. Adams*, for plaintiff in Error;

*Van C. Swearingen*, Attorney General, and *Worth W. Trammell*, Assistant, for the State.

WHITFIELD, J.—This writ of error was taken to a judgment of conviction of an assault with intent to commit murder upon B. W. Waller.

It appears that the person assaulted and the defendant had an altercation on a public street in which the defendant cut the assaulted person with a knife, the defense being the right of self-defense, and the main points in the controversy are the sufficiency of instructions given, and the propriety of refusing requested instructions as to whether the assault charged and admitted was justified, by the assailant being reasonably free from fault and by the danger to the defendant as it appeared to him.

Charges given by the court were fair and reasonably correct. Among them was the following: "If you find that the defendant was lawfully using such sidewalk and that B. W. Waller in an attempt to prevent such use by the defendant, or from any other unlawful purpose or intent, assaulted him, then I charge you that the defendant would in law be reasonably free from fault and that he could lawfully repel force by force and lawfully and properly act in defense of himself throughout any difficulty ensuing, or that was brought about by the wrongful act of the said Waller."

Requested instructions emphasized more in detail the theory of the defense interposed; but in substance they were sufficiently covered by charges given to fairly present the case to the jury on the different phases of the evidence as adduced under the issues.

Pronounced conflicts in the testimony were settled by the jury. There is ample evidence to support the verdict and harmful error is not made to appear. Sandlin v.

State, 76 Fla. 368, 79 South. Rep. 714; Wooten v. State, 24 Fla. 335, 5 South. Rep. 39; Gee v. State, 61 Fla. 22, 54 South. Rep. 458; Johnson v. State, 55 Fla. 41, 46 South. Rep. 174; Bell v. State, 65 Fla. 505, 62 South. Rep. 654; Street v. State, 76 Fla. 217, 79 South. Rep. 729; Boyington v. State, 77 Fla. 606, 81 South. Rep. 890.

The judgment should not be reversed or a new trial granted in any case, civil or criminal, for errors in rulings upon the admission or rejection of evidence or for errors in giving or refusing charges, or for errors in any other matter of procedure or practice, unless it shall appear to the court from a consideration of the entire cause that such errors injuriously affected the substantial rights of the complaining party. Nor should a judgment be reversed or a new trial granted on the ground that the verdict is not sustained by the evidence, unless it appears that there was no substantial evidence to support the finding or that upon the whole evidence the verdict is clearly wrong or that the jury were not governed by the evidence in making their finding. Welles v. Bryant, 68 Fla. 113, 66 South. Rep. 562.

Judgment affirmed.

BROWNE, C. J., AND TAYLOR AND WEST, J. J., concur.

ELLIS, J., not participating.