B. M. FRANKLIN v. STATE.
163 So. 55.
Opinion Filed August 29, 1935.

*McClellan & Ray,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—The writ of error brings for review judgment of conviction of the crime of manslaughter occasioned by the alleged culpable negligence of the plaintiff in error in the operation of an automobile on the public highway.

It is first insisted that reversible error occurred by reason of the trial judge refusing to give charge No. 2 requested by the defendant. That charge was in the following language:

"If you should find from the evidence, that the collision in which the deceased lost her life was not caused by the gross negligence of the defendant, it would be your duty to find him not guilty."

There was no error in refusing to give this charge. It was calculated to confuse the jury.

The statute of this State defining manslaughter provides:

"The killing of a human being by the act, procurement or culpable negligence of another, in cases where such killing shall not be justifiable or excusable homicide nor murder, according to the provisions of this Article, shall be deemed manslaughter, and shall be punished by imprisonment in the State prison not exceeding twenty years, or imprisonment in the county jail not exceeding one year or by fine not exceeding five thousand dollars." (Sec. 5039 R. G. S. 7141 C. G. L.)

Gross negligence and culpable negligence are not neces-

sarily synonymous, though culpable negligence might be gross negligence and gross negligence might be culpable negligence. This charge was deficient in that it did not attempt to define gross negligence but left the term "gross negligence" to be construed by the jury.. Baldwin's Century Edition of Bouvier's Law Dictionary, page 259, defines "culpable" as follows:

"Culpable. This means not only criminal but censurable. and when the term is applied to the omission by a person to preserve the means of enforcing his own rights, censurable is more nearly equivalent. As he has merely lost a right of action which he might voluntarily relinquish, has wronged nobody but himself, culpable neglect would seem to convey the idea of neglect for which he was to blame and is ascribed to his own carelessness, improvidence or folly. 8 Allen, 122."

The trial court in its general charge defined "negligence" as follows:

"Negligence is the failure to observe for the protection of another's interest such care, precaution and vigilance as the circumstances justly demand, whereby injury is done such other person. Or, to state it in another way, negligence is the failure to do what a reasonable and prudent person would ordinarily have done, or the doing of what such a person would not have done under the circumstances of the situation whereby injury is done another.

"Culpable negligence is defined: by culpable negligence is meant the omission to do something which a reasonable and prudent and cautious man would do, or the doing of something which such a man would not do under the circumstances surrounding the particular case."

In the case of Cannon v. State, 91 Fla. 214, 107 Sou. 360, the eighth headnote is as follows:

"The words 'culpable negligence' as used in Section 5039 of the Rev. Gen. Stats., such as is necessary under the statute to sustain proof of the crime of manslaughter, mean something more than such simple negligence as would authorize the recovery of merely compensatory damages in a civil action at law. As used in this statute, culpable negligence means negligence of a gross and flagrant character, evincing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects; or that entire want of care which would raise the presumption of indifference to consequences; or which shows such wantonness or recklessness, or a grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others, which is equivalent to an intentional violation of them."

It will be observed that this quotation contains several definitions of "culpable negligence." One of the definitions is: "That entire want of care which would raise the presumption of indifference to consequences." Another definition given is: "entire want of care 'which shows such wantonness or recklessness or grossly careless disregard of the safety and welfare of the public or the reckless indifference to the rights of others, which is equivalent to an intentional violation of them.'"

Now, there was substantial evidence to show that one Williams was driving a truck East on State Road No. 1; the deceased, Mrs. Ada Pinkard, was riding on the front seat with him. On reaching a point near the Town of Sneads, in Jackson County, Florida, Williams observed a Buick automobile being driven toward him at a high rate of speed. It was on the wrong side of the road, that is the left side of the road, going West. Williams drove off of the pavement onto the shoulder of the road; Williams had

dimmed his lights. The Buick automobile being driven by the accused struck the truck about the rear part of the cab with such force that Mrs. Pinkard was thrown out of the truck and the truck was turned over. Mrs. Pinkard was severely injured and from these injuries she died. If the jury believed that state of facts, then it was justified in finding that the defendant was guilty of manslaughter because of having occasioned the death of 'Mrs. Pinkard by an act of culpable negligence and this evidence was sufficient to establish the fact that that culpable negligence was of gross character, if there be any degree of culpable negligence.

While the charge of the court defining culpable negligence was not as full and complete as that which is stated in Cannon v. State, *supra,* we think that under the rule stated in Sandlin v. State, 76 Fla. 368, 79 Sou. 714, to the effect that alleged errors in instructions are not ground for reversal where the evidence leaves no room for reasonable doubt of the defendant's guilt, no reversible error is made to appear.

It is contended that the evidence is not sufficient to support the verdict. This contention is not supported by the record. There is ample substantial evidence to support the verdict.

The record discloses, however, that the judgment of the court was as follows:

"You, B. M. Franklin, having been convicted by a jury of the offense of manslaughter, the Court adjudges you to be guilty, it is, therefore, the judgment of the court and the sentence of the law that you, B. M. Franklin, for your said offense, do forfeit and pay into the registry of this Court the sum of $400.00 and the costs of these proceedings, and in default of the payment of said fine and costs you do

serve for and during a period of five (5) years, at hard labor, in the State Prison of the State of Florida."

This was not a lawful sentence.

In Smith v. State, 74 Fla. 44, 76 Sou. 334, it was observed:

"The sentence is that the defendant pay a fine of $350 and the costs of the prosecution, and upon his failure to so do that he be confined at hard labor in the State Prison for a period of three years. This is not the proper sentence. Section 4011 of the Central Statutes of 1906, Compiled Laws of 1914, is as follows: 'Whenever any court or judge shall under the criminal laws of this State, sentence and adjudge a person to pay a fine, or a fine and costs of prosecution, such court or judge shall also provide in such a sentence a period of time for which such person shall be imprisoned in the county jail in default of payment of the same.'"

This holding is in line with Thompson v. State, 52 Fla. 113, 41 Sou. 899; Taylor v. State, 67 Fla. 127, 64 Sou. 454; Douglas v. State, 53 Fla. 27, 43 Sou. 424; Smith v. State, 71 Fla. 639, 71 Sou. 915.

Therefore, the judgment must be reversed and the cause remanded with directions that the plaintiff in error, defendant in the court below, be required to appear at the next regular or special Term of the Circuit Court in and for Jackson County, Florida, there to receive lawful sentence and judgment based upon the verdict rendered.

It is so ordered.

Reversed and remanded.

WHITFIELD, C. J., and TERRELL and DAVIS, J. J., concur.