WALTER WILLIAMS V. STATE.

185 So. 133.
Division B.
Opinion filed December 1, 1938.

*Sam Bucklew, Jr.,* and *John R. Parkhill,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

PER CURIAM.—This cause coming on to be heard upon the transcript of the record, briefs for the respective parties, and argument of counsel at the bar of this Court, and the entire record having been considered by this Court and the citations of authorities appearing in the briefs having been examined and considered, the Court is of the opinion that no substantial error appears in the record and that justice was awarded in the lower court so the judgment appealed from is affirmed.

TERRELL, C. J., and WHITFIELD, BUFORD and THOMAS, J. J., concur.

BROWN and CHAPMAN, J. J., dissent.

CHAPMAN, J. (dissenting).—Defendant in error, Walter Williams, on the 5th day of July, 1937, was informed against by the State Attorney of the Sixth Judicial Circuit of Florida in and for Pinellas County, charging him with the possession and sale of lottery tickets prohibited by Section 7667, C. G. L. When arraigned he tendered a plea of not guilty and was placed upon trial and by a jury convicted, and by the trial court sentenced to the State Pentientiary

for a period of two years at hard labor.   He has perfected
his appeal to this Court and has presented a number of as-
signments of error for a reversal.   On the motion for a
new trial it is contended that the evidence was insufficient to
support the verdict.   The prosecution introduced Mrs. Eva
Thornell, who is referred to in the testimony as an employee
of the Sheriff's office of Pinellas County, Florida, as an
undercover detective and likewise as a spotter.   She is a
white woman and made her home in Plant City, Florida, and
the record shows she was formerly employed in a similar
capacity in Hillsborough County, Florida.   The defendant
here is a darky, who was employed as a boot black in a bar-
ber shop in the City of St. Petersburg on the 18th day of
June, 1937, when it is alleged that he sold Mrs. Thornell
Bolita tickets.   The defendant denied the sale of the tickets
and contended that at the very hour that the State witness
testified the sale was made he was working at his regular
employment in the barber shop,—the State witness having
testified that she bought the tickets just after noon time or
just after lunch, on the 18th day of June, 1937, in an alley in
the City of St. Petersburg and that the "throwing" was to
have been on the following Wednesday night, and that it
was possible that the said tickets would pay the sum of $7.00.
She also bought some New York bond tickets and testified
that the defendant told her they would pay $60.00 for a
dime.   These tickets were offered in evidence.

The defendant denied the sale of the tickets to Mrs.
Thornell and on cross examination by the State Attorney
stated that he did not know the lady appearing as a witness
against him and had never seen her prior to the trial of the
case.   The defendant stated that he did not sell any New
York Bond Exchange tickets to a Mr. Hagen on the 21st day
of June, 1937.   After the defendant had rested his case, the
prosecution called Mr. C. M. Hagen and the State, over the

objection of the defendant's counsel, established by Mr., Hagen that on the 21st day of June, 1937, he bought of the defendant New York Bond end numbers, but Mr. Hagen's testimony failed to establish that the ticket bought on the 21st day of June, 1937, from the defendant had value or that it was a ticket for a "throwing" yet to be had. The record is, viz.:

"Q. Now, on this one here, when was this alleged throwing to take place?

"A. That was to come out that same day, on the 21st.

"Q. What time of the day was it that you bought it?

"A. I don't recall now just what time of day it was.

"Q. Do you know whether it was in the morning or afternoon?

"A. The best I recall it was in the forenoon.

"Q. In the forenoon?

"A. But it was late in the forenoon.

"Q. Around about eleven o'clock?

"A. I won't be just positive about that, just whether that was correct or not."

It will be observed that the prosecution failed to establish by the witness Hagen that the alleged ticket by him bought of the defendant represented an interest in a lottery yet to be played. The burden of establishing this material allegation was on the prosecution before a violation of the statute is shown. The testimony offered was in rebuttal of testimony brought out by the State Attorney on cross examination of the defendant when he appeared as a witness in his own behalf. The testimony of the witness Hagen was objected to by counsel and the objections should have been sustained by the lower Court. See Angelo D'Alessandro v. State, 114 Fla. 70, 153 So. 95.

It is next contended that when the evidence developed the fact that Mrs. Thornell was an employee of the Sheriff's

office with assignments in Pinellas County, as an undercover detective or spotter, then it became the duty of the Court to have instructed the jury to the effect that when "people act in the capacity of private detectives or spotters their evidence should be received with caution, and it becomes the duty of the jury to scrutinize the testimony of such people to say whether or not the testimony of the persons so acting is biased, whether the interests they serve had influenced them to an extent that would reflect upon or affect their testimony." See Street v. State, 76 Fla. 217, 79 So. 729.