RAWLS, Acting Chief Judge.
Appellant was put to trial upon an information charging him with committing the crime of manslaughter while operating an automobile. Count I charged appellant with culpable negligence in driving the automobile, and Count II charged him with unlawfully operating a certain automobile truck while intoxicated by the use of alcoholic liquors. Motion for directed verdict, made by appellant at the end of the State’s case and renewed after both parties rested, was denied by the trial court. The jury returned a verdict of guilty with a recommendation of leniency as to Count I (culpable negligence) and not guilty as to County II (while intoxicated).
The principal point on appeal posed by appellant is that the verdict and judgment are contrary to the manifest weight of the evidence. An examination of the evidence adduced in a light most favorable to sustaining the judgment of conviction is required.
Between the hours of 8:00 p.m. and 9:00 p.m. (sunset was at 7:03 p.m.), on the evening of April 9, 1971, Norman Lee Bryant was walking three feet behind his first cousin, Walter Lee Byrd, in a northerly direction approximately two feet from the left edge of the pavement on State Road 267. Appellant was driving in a northerly direction in a pick-up truck with a stake body mounted on it, and while passing a slow moving car, somehow missed Bryant, but struck Byrd resulting in his death. The truck veered off the road enough “ . . . to hit my cousin.” It did not go into the ditch. There were no physical signs, such as tire marks, or debris, to corroborate Bryant’s testimony that the truck ran off the pavement. No evidence was adduced as to excessive speed or abnormal operation of the pick-up truck other than it was the vehicle that struck Byrd and that the left headlight and the hood were buckled on the left side and the rear view mirror stem was bent back. Evidence was presented as to appellant being under the influence of intoxicating liquors while operating the truck at the time of the accident.
We are confronted with a record which discloses a finding by the trial jury that the accused while operating the motor vehicle was not under the influence of intoxicating liquors to such an extent that he was guilty of manslaughter by reason of intoxication. Thus, the evidence must be reviewed from the standpoint that appellant was not intoxicated to the extent proscribed by the statute. Examined in the posture that there was ample proof that appellant was operating a motor vehicle during a period of time in which he had consumed intoxicating beverages, is this fact standing alone sufficient to sustain a charge of that degree of negligence “of ‘a gross and flagrant character, evincing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or there is that entire want of care which would raise the presumption of a conscious indifference to consequences or *248 which shows wantonness or recklessness, or a grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others which is equivalent to an intentional violation of them.’ ” ? [1] We hold not.
■ When viewed in a light most favorable to the State’s position, the only credible evidence tending to establish culpable or gross negligence is: (1) Defendant was operating a motor vehicle while partaking of alcoholic beverages; [2] (2) while passing a slow moving vehicle he ran off the edge of the pavement and struck a pedestrian traveling in the same direction. Absent proof of excessive speed, erratic maneuvering of his vehicle, intoxication to the extent proscribed by the statute, or other negligent acts of a gross and flagrant character, proof of drinking intoxicants alone is not of itself sufficient to sustain a manslaughter conviction founded upon the theory of culpable negligence.
The trial judge was correct in denying appellant’s motion for directed verdict as to Count II of the indictment which charged appellant with operating his truck while intoxicated. There was sufficient evidence, if believed by the jury, to sustain a conviction on this count. However, the jury did not believe the appellant was guilty of Count II. The trial judge erred in not granting appellant’s motion for a directed verdict as to Count I charging culpable negligence. The State did not adduce an evidentiary predicate to sustain a conviction under this count.
The judgment appealed is reversed with directions to discharge the appellant.
WIGGINTON and JOHNSON, JJ., concur.

. Cannon v. State, 91 Fla. 214, 107 So. 360, 363; Jackson v. State, 100 So.2d 839 (1 Fla.App.1958).

. As stated by Judge Sturgis in his dissent in Jackson v. State, supra, “ . . . the use of intoxicants is simply one of the elements of proof which may have value on the question of the likelihood that the accused was reckless to the degree of culpable negligence, the admission of such evidence being postulated on the theory that one who is under the influence of an intoxicant, though not necessarily intoxicated, has a propensity to act in a more reckless manner than he would normally act in the absence of such use.”