OWEN, Chief Judge
(dissenting):
Appellant was convicted of manslaughter by culpable negligence in the operation of a motor vehicle. In my judgment, the evidence was insufficient as a matter of law to sustain the conviction, and the trial court should have granted the defense motion for a judgment of acquittal at the close of all of the evidence.
Culpable negligence required to sustain a manslaughter charge has consistently been defined as negligence of a gross and flagrant character, evincing reckless disregard of human life or of the safety of persons exposed to its dangerous effects; or that entire want of care which would raise the presumption of indifference to consequences; or such wantonness or grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others, which is equivalent to an intentional violation of them. Cannon v. State, 1926, 91 Fla. 214, 107 So. 360; Savage v. State, 1943, 152 Fla. 367, 11 So.2d 778; Preston v. State, Fla.1952, 56 So.2d 543; Smith v. State, Fla.1953, 65 So.2d 303; Miller v. State, Fla.1954, 75 So.2d 312; Hunt v. State, Fla.1956, 87 So.2d 584; Franklin v. State, 1935, 120 Fla. 686, 163 So. 55; Fowlkes v. State, Fla.App.1957, 100 So.2d 826; Jackson v. State, Fla.App.1958, 100 So.2d 839; Woodward v. State, Fla.App.1973, 274 So.2d 246.
The accident out of which the charge arose occurred at 10:30 at night in an unlighted rural section of a divided four-lane highway (U.S. No. 1) in Indian River County. Appellant, a visitor from Michigan, had never before that evening been in that area and was only there on this occasion because he had become confused in his directions while attempting to return to Vero Beach where he was staying. It is true that he had been drinking earlier in the evening and that a post-accident blood alcohol test revealed a .13% reading, but otherwise there was no direct evidence that his drinking had impaired his normal faculties. He had been on State Road A1A and had driven west toward Wabasso. When he reached U.S. No. 1 at Wabasso, he turned north hoping to locate a service station still open where he could obtain directions. He was, of course, then driving in the northbound lanes of U. S. No. 1. After driving some five miles, he did locate a service station which was open and he stopped and asked directions to Vero Beach. He was told to go back the way he had come. Unfortunately, he did just that! Re-entering the northbound lanes, he proceeded to drive south. At the point where he re-entered U.S. No. 1 from the service station, there was no crossover to the southbound lanes, and, in fact, the southbound lanes were hidden from his view by the raised 15-foot wide median strip. Appellant testified that he thought he was on a two-lane road, and he did drive on the right hand side (although actually he was then driving on the inside northbound lane). He testified that the traffic was light, and none of the traffic which he did meet gave any indication by horn or otherwise that he was traveling in an improper lane. The area was unlighted and he never became aware of the fact that he was on a divided four-lane highway. He had noticed some occasional traffic to his right (which was in the proper southbound lanes) but he explained that he thought such traffic was on a service or access road running parallel. There was no evidence that he operated his vehicle at an excessive speed or in an erratic manner. He continued in the wrong lane for nearly five miles, until struck headon by a northbound car. In short, the only evidence of his negligence in the operation of his vehicle was (1) driving south in the northbound lane, (2) continuing to do so for such a distance (five miles both ways) that *344 it could be inferred that he reasonably should have known his error, and (3) the degree to which his normal faculties were impaired as a result of his drinking.
This conduct was certainly negligent, but it does not strike me as being of that degree of negligence which evinces such reckless indifference to the rights of others as to be called culpable as that term has been defined in the manslaughter cases. By way of comparison, appellant’s conduct strikes me as much less wanton than that which was held in such cases as Fowlkes v. State, supra, and Jackson v. State, supra, to be insufficient as a matter of law to sustain a conviction for manslaughter by culpable negligence.