AARON JERRY, *Plaintiff in Error,* v. STATE OF FLORIDA, *Defendant in Error.*

Division B.

Opinion filed June 6, 1930.

Petition for rehearing denied July 22, 1930.

*B. H. English* and *Cone & Chapman,* for Plaintiffs in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant for Defendant in Error.

BUFORD, J.—In this case the plaintiff in error was indicted for assault with intent to commit murder and convicted of aggravated assault.

There are ten (10) assignments of error. The first three (3) assignments are based upon the action of the court in denying defendant's motion for a continuance or postponement of the trial on account of the absence of witnesses. There is no abuse of discretion shown to have been committed by the trial court in denying the motion for continuance.

In Browne v. State, 88 Fla. 457, 102 So. R. 546, the Court say:

"Application for postponement of continuance is addressed to the sound judicial discretion of the trial court and the ruling of the court either granting or denying such application will not be disturbed unless an abuse of this discretion is clearly shown."

In the instant case the record does not disclose that the testimony of either of the alleged absent witnesses would have been of such material weight and character as to have probably affected the result of the trial. Having considered the evidence in the case as disclosed by the bill of exceptions contained in the transcript of the record, we are unable to say that the defendant suffered any injury by reason of the absence of the witnesses referred to. The defendant took the stand in his own behalf and testified and did not testify that either of such witnesses were present or were in position to know what transpired at the scene of the difficulty.

The fourth assignment of error is based upon the action of the court in allowing an attorney of the bar privately retained to conduct certain phases of the trial without being sworn in as an assistant state's attorney. Under this assignment the plaintiff in error contends that the participation of private counsel in the prosecution without such private counsel being sworn in as an assistant state's attorney was sufficient to vitiate the proceedings by violating the rights of the defendant to have a fair and impartial trial. Counsel has cited no authority to support the contention and we know of no rule of law by which such contention may be supported. The assignment is without merit. In Oblesby v. State, 83 Fla. 132, 90 So. R. 825, the Court say:

"A public prosecution for a criminal offense must be conducted by the proper official *representative* of the State, and must not under any circumstances be placed under the entire management and control of private parties or their attorneys. It is proper, however, for the state attorney, when there is no express statutory prohibition, to obtain, with the consent of the court, the assistance of other counsel; and other members of the bar are not incompetent to be engaged for such assistance, and taking part in the trial, by reason of being retained and paid by private persons. When such assistants to the state attorney are employed in a case, the state attorney should always remain present at the trial, and see that a public prosecution does not degenerate into a private prosecution, and that the adminstration of the criminal law is not made a vehicle of oppression for the gratification of private malice or the accomplishment of private gain or advantage."

In the instant case it is not shown that the rule as stated above was in any manner violated.

Assignment number five is based upon the action of the court in overruling an objection to a question propounded to a witness as to whether or not the alleged victim of the assault was injured. It is contended that the witness should not have been allowed to answer the question because he was not present when the difficulty occurred and obtained such information as he had in regard to the condition of the alleged injured person by seeing her a few minutes after the difficulty occurred. The assignment does not appear to be well founded.

The 6th and 7th assignments of error are based upon two statements alleged to have been made by A. P. Rivers, private counsel, during the argument of the case before the jury. The objectionable language referred to in assignment number 6 is as follows:

"Never before in my life have I seen and observed more perjured testimony as is offered in this case."

And under the 7th assignment of error the objectionable language appears as follows:

"That never before in my life have I seen or observed more attempt to give perjured testimony than is offered in this case."

There is nothing in the record to indicate whether the statement of counsel referred to testimony of witnesses for the State or to testimony of witnesses for the defense. The evidence was conflicting in some respects. It is evident that perjury was committed by some one because all of the statements testified to could not be the truth.

Certainly the remarks of counsel do not violate the rule as stated in Johnson v. State, 88 Fla. 461, 102 So. R. 549.

The 8th assignment of error is based upon the action of the court in denying motion for a new trial. We have considered the motion for a new trial and find no reversible error in the action of the court in this regard.

The other assignments of error are based upon charges of the court in which we find no reversible error. The judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.