EARL HANSHAW and LELAND JOHNSON, *Plaintiffs in Error,* vs. STATE OF FLORIDA, *Defendant in Error.*

143 So. 753.

Division A.

Opinion filed September 30, 1932.

*C. P. Covington* and *Frank Redd,* for Plaintiffs in Error;

*Cary D. Landis,* Attorney General and *Roy Campbell,* Assistant for the State.

BUFORD, C.J.—The plaintiffs in error were convicted in the Circuit Court of Charlotte County of the offense of larceny of a domestic animal, to-wit: a bull calf.

When the trial began it was developed that Mr. S. Watt Lawler was sworn in as an assistant State's Attorney to function as such in the prosecution of the defendant. Defendant, through his counsel, moved the Court for an Order eliminating Mr. Lawler from the conducting of the prosecution on the ground that Mr. Lawler had been in-

terviewed as an attorney by the father of the defendant Hanshaw with the purpose of employing Mr. Lawler as attorney to represent the defendant in the trial of this case; that in such interview the father of the defendant discussed the facts of the case with Mr. Lawler and that Mr. Lawler went with defendant's father from Fort Myers to Punta Gorda to see about getting defendant out of jail and promised to return with defendant's father to Punta Gorda on the next day to complete arrangements to get defendant out of jail but did not fulfill that engagement; that the amount of the fee was agreed upon and defendant's father was ready to pay the fee according to the agreed terms but Mr. Lawler, after conferring with other parties, declined to represent the defendant and accepted employment to assist in the prosecution.

The only conflict in the evidence taken before the court on hearing on the motion was in this: Defendant's father testified that he told Mr. Lawler all about the case and acquainted him with the theory of the defense. Lawler denied this, testifying that he was told nothing about the facts in the case and denied that he had definitely agreed to represent the defendant, although he admitted making the trip to Punta Gorda as, and for the purpose, stated.

The motion was denied by the court and the Order denying the motion being objected to constitutes the basis of the only assignment of error presented to us.

If denying the motion constituted error it devolved upon the plaintiff to show that such error was harmful or prejudicial to the defendant before he can insist on a reversal of the judgment.

The safer and better course would have been for the court to have granted the motion because the motion and evidence in support thereof showed that matters might develop on the trial by reason of the knowledge gained by Mr. Lawler

from the father of defendant, which would be prejudicial to the defendant and vitiate the trial.

We shall not discuss the question of ethics involved in the conduct here under consideration as the disposition of the case here does not depend upon a determinatoin of whether or not Mr. Lawler disregarded or observed the rules of ethics which should be strictly observed, and the strict observance of which should be required by, and of all, attorneys.

The record failing to show the commission of any error resulting to the prejudice of the plaintiff in error, the judgment should be affirmed.

It is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J. AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.