THOMAS ATES v. STATE.

194 So. 286
Division B
Opinion Filed June 30, 1939
On Rehearing February 16, 1940

*J. McHenry Jones* and *R. H. Merritt,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

PER CURIAM.—Plaintiff in error was charged with manslaughter by culpable negligence under Section 7141, C. G. L. 1927, and by driving an automobile while intoxicated under Section 7749, C. G. L. 1927, and was convicted upon the latter count, being the second count of the information.

Mr. William Fisher was retained by the family of the deceased to assist in the prosecution. He made the opening statement to the jury, examined a number of the witnesses, but was not sworn as an assistant county solicitor. An objection to Mr. Fisher conducting the examination was made by plaintiff in eror each time he began an examination of a witness, and at the close of the case the plaintiff in error moved the court for a mistrial based upon this fact. The mistrial was not granted. Plaintiff in error assigns this ruling as error.

This Court has held, where there is no express statutory prohibition, the State attorney may obtain, with the consent of the court, the assistance of other counsel, and other members of the bar are not incompetent to be engaged for such assistance and taking part in the trial by reason of being retained and compensated by the prosecuting witness, the party injured by the crime, or other private interests. Thalheim v. State, 38 Fla. 169, 20 So. 938; Robinson v. State, 69 Fla. 521, 68 So. 649, L. R. A. 1915E, 1215; Ann. Cas., 1917D, 506; Oglesby v. State, 83 Fla. 132, 90 So. 825. Nor is it necessary that the private counsel be sworn in as an assistant State attorney. Jerry v. State, 99 Fla. 1330, 128 So. 807.

The burden is on plaintiff in error to show that the participation of private counsel in the prosecution of the case was prejudicial. Henshaw v. State, 106 Fla. 865, 143 So. 753.

The record shows that the county solicitor was present at the trial and in charge of same. It does not appear that the prosecution degenerated into a private persecution, nor that the administration of the criminal law was made a vehicle of oppression, or of the accomplishment of private gain or advantage. See Oglesby v. State, *supra*. There was no error in the lower court's ruling as to this contention of plaintiff in error.

There is ample substantial evidence in the record to support the allegations of the information, and there is also ample substantial evidence in the record to show that plaintiff in error was under the influence of intoxicating liquor to such an extent as to deprive him of full possession of his normal faculties. See Myers v. State, 99 Fla. 872, 128 So. 11; Patterson v. State, 128 Fla. 539, 175 So. 730; Whitman v. State, 97 Fla. 988, 122 So. 567; Cannon v. State, 91 Fla. 214, 107 So. 360; Hobbs v. State, 83 Fla. 480, 91 So. 535; Shaw v. State, 88 Fla. 320, 102 So. 550; Graives v. State, 127 Fla. 182, 172 So. 716.

The judgment is affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

### ON REHEARING

PER CURIAM.—Pursuant to rehearing granted subsequent to the filing of our opinion and judgment of June 30, 1939, we have heard oral argument on the merits and have again considered the record and briefs.

The main question argued was the sufficiency of the evidence. It is a border-line case in which there was sub-

stantial evidence upon which a fair and impartial jury might have either convicted or acquitted.

The jury resolved the evidence against the accused and the trial court approved the verdict in denying new trial. We cannot usurp the province of the jury and, therefore, our opinion and judgment, *supra,* must be adhered to.

So ordered.

TERRELL, C. J., and WHITFIELD, BROWN, CHAPMAN and THOMAS, J. J., concur.

BUFORD, J., dissents.

BUFORD, J. (dissenting).—On consideration of the record in this case in the light of oral argument presented on rehearing granted, it appears to me that the judgment should be reversed.

The defendant was convicted for violation of the provisions of Chapter 11809, Acts of 1927. The pertinent part of this Act is:

"If any person under the influence of intoxicating liquor to such extent as to deprive him of full possession of his normal faculties, or in an intoxicated condition, while operating said vehicle, automobiles or other vehicles mentioned in this section, he shall, upon conviction, be fined not less than one hundred dollars nor more than two hundred fifty dollars and costs, and be imprisoned for not less than thirty days and not more than sixty days. If, however, damage to property or person of another, other than damage resulting in death of any person, is done by said intoxicated person under the influence of intoxicating liquor to such extent as to deprive him of full possession of his normal faculties, by reason of the operation of any of said vehicles mentioned herein, he shall upon conviction be fined not more than five hundred dollars, and also be imprisoned not less than three months nor more than twelve

months, and if the death of any human being be caused by the operation of a motor vehicle by any person while intoxicated, such person shall be deemed guilty of manslaughter and, on conviction, be punished as provided by existing law relating to manslaughter."

So it is apparent that the language of the Act contemplates that the intoxication of one driving an automobile on the public highway to make such person criminally liable because of damage to property or person of another inflicted by the operation of the automobile, the extent of the intoxication must be such "as to deprive him (driver) of full possession of his normal faculties." Parentheses supplied.

It appears to me that the latter clause of the statute, "and if the death of any human being be caused by the operation of a motor vehicle by any person while intoxicated, such person shall be deemed guilty of manslaughter and, on conviction, be punished as provided by existing law relating to manslaughter," must be read in connection with the preceding provision and that the state of intoxication is required to be that which is theretofore prescribed by the statute, that is, such person so driving such automobile must be shown to be "under the influence of intoxicating liquor to such an extent as to deprive him of full possession of his normal faculties."

The evidence falls far short of showing that the defendant was not in full possession of his normal faculties at the time the accident occurred. It is true that there is some evidence that the defendant had drunk some whisky, but the record shows that within a very short time after the accident occurred the defendant was arrested by a deputy sheriff of Escambia County at a place several miles out of Pensacola and that the deputy sheriff, with one or two other men, got into an automobile and at the direction

of the deputy sheriff the defendant drove the automobile into Pensacola and through the traffic of the streets of Pensacola to the Escambia County jail and there is no evidence that he was not in full possession of his normal faculties at that time.

The record shows that the deplorable accident occurred at a road-crossing on a curve in the highway on which defendant was traveling and immediately after he had passed another automobile going in the opposite direction on the same highway.

The record shows that the accident occurred in the night time and that both automobiles were traveling with headlights burning. It also appears that the boy who was struck was crossing the highway immediately behind the other car, and therefore immediately in the path of the defendant's car. It is also true that the record shows defendant was driving at a high rate of speed.

The information contained four counts.

Count 1 charged that the defendant: "did unlawfully, by and through his own act, procurement and culpable negligence operate a certain automobile on a public highway, in such a negligent, careless and reckless manner as to run upon and against one Louis Purnell."

Count 3 charged that the defendant, "did unlawfully, and by and through his own act, procurement and culpable negligence, operate a certain automobile on a public highway, in such a negligent, careless and reckless manner as to run upon and against a bicycle on which one Louie Purnell was then and there riding, with such force and violence as to inflict, and cause to be inflicted, in and upon the body and person of the said Louis Purnell," etc.

The verdict of the jury was:

"We, the jury, find the defendant guilty as charged in the second count."

The second count of the information charged: "did unlawfully, while intoxicated, by the use of alcoholic liquor, operate a certain automobile on a public highway in such a manner as to run upon and against one Louis Purnell, with such force and violence as to inflict in and upon said Louie Purnell mortal injuries of which said mortal injuries the said Louie Purnell then and there died, * * *."

The verdict was an acquittal of counts 1 and 3 of the information which is in effect a finding by the jury that he was not guilty of negligent, careless and reckless driving of the automobile.

Under these conditions, I think the judgment should be reversed and a new trial ordered.