**JOHNSON v. GEORGE J. GLOVER CO.,**
Inc., et al.

No. 16389.

Court of Appeal of Louisiana. Orleans.
June 13, 1940.

**570**

Jewell A. Sperling and Edward A. M. Estalote, both of New Orleans, for appellant.

John May, of New Orleans, for appellees.

JANVIER, Judge.

Willie Lee Johnson, a laborer, alleges that on July 28, 1937, at about 9:45 o'clock at night, while he was performing the hazardous work for which he was employed by George J. Glover, Inc., he sustained injury which has resulted in the impairment of the hearing of his left ear and in the total loss of hearing of the right. The occupation of the said employer and the work of the employee were within the contemplation of the Workmen's Compensation Act. Claiming that, as a result of his said injury and of the impairment of his hearing, he has been totally and permanently disabled, he prays for solidary judgment against the said employer, George J. Glover, Inc., and its insurance carrier, Travelers Insurance Company, for $10.66 per week for 400 weeks.

Plaintiff was engaged in the operation of a compressed air hammer, or chisel, in breaking up concrete in a very confined area, and he alleges that a large piece of this material "about a foot in width and a foot and a half in length and about six (6) or seven (7) inches in thickness suddenly fell from above him * * * striking him on the left side of his face completely covering his left ear". He further avers that, when he reported the occurrence to the foreman in charge, he was sent to a doctor for examination and treatment and that the doctor, in attempting to "blow" out that ear by means of a rubber tube, caused the total loss of the use of the other ear.

It is admitted that he reported to his foreman that his hearing had been impaired and that he was sent to medical experts for examination and such treatment as might be found to be necessary, but defendants deny that he actually sustained any accidental injury and they especially deny that his hearing has been in any way impaired.

There was judgment below for defendants, and plaintiff has appealed.

Plaintiff states that when the accident occurred he reported it to one of the foremen. This foreman was not produced and plaintiff is unable to give his name or to describe him except that he says that he was a tall, thin man. Defendant produced all of those who might have been in charge, or to whom plaintiff might have reported the occurrence of such an accident, and they state positively that he made no such report. It does appear that on the next night he reported to the foreman in charge that his hearing had been impaired, but his statement, according to the foreman, was that the noise resulting from the operation of the compressed air hammer, or chisel, had caused this impairment, and he made no mention to this foreman concerning the occurrence of an accident.

Luke Mizell, another laborer working with him on the same hammer, says that he knew nothing at all about the occurrence of this accident, though he added that it might have occurred without his knowledge.

There is contradictory evidence concerning the occurrence of such an accident and, by a substantial preponderance, this evidence, we think, confirms defendant's statement that the accident did not occur, though on this question there may be room for doubt. But there is no doubt whatever that the evidence overwhelmingly establishes the fact that plaintiff sustained no impairment of his hearing as a result of any such accident.

He placed on the stand a Dr. T. D. Hayes, who was a general practitioner, who found that the hearing in plaintiff's left ear had been impaired and that the hearing in his right ear would probably be entirely lost. But, on the other hand, defendant placed on the stand three eminent specialists, two of whom had had many years' experience in ear treatment, and the third of whom had specialized in such treatment for three years. They all testified without any hesitation or equivocation that plaintiff was obviously shamming and that there was nothing whatever the matter with his ears.

There are many discrepancies in the testimony of plaintiff concerning both the accident and the impairment of his hearing, and, in view of the positive testimony of these three outstanding experts, we have no hesitancy whatever in saying that, even if there was an accident, plaintiff's hearing has not been impaired by it to any extent at all.

For a short period, because of attendance at the offices of the doctors, plaintiff was prevented from working, but for this time

he has been fully compensated in accord-ance with the requirements of the compensation laws.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is affirmed at the cost of appellant.

Affirmed.