**ROBERT LaVIOLETTE v. THE STATE OF FLORIDA**

33 So. (2nd) 851                                     June Term, 1947
December 2, 1947                                          En Banc
Rehearing denied January 6, 1948

*Hubberd & Carr,* for appellant.

*J. Tom Watson,* Attorney General, *Reeves Bowen,* Assistant Attorney General, and *Rebecca Bowles Marks,* Special Assistant Attorney General, for appellee.

PER CURIAM:

The judgment appealed from is affirmed.

TERRELL, BUFORD, ADAMS, SEBRING and BARNS, JJ., concur.

THOMAS, C. J., and CHAPMAN, J., dissent.

CHAPMAN, J., dissenting:

It is well established that the burden by law is cast upon the State to adduce evidence to prove each material allegation of the indictment showing the guilt of the accused beyond a reasonable doubt. Goddard v. State, 143 Fla. 28, 196 So. 569. Every person charged with crime is presumed to be innocent and this presumption accompanies the accused throughout each step of the trial.

This Court is committed to the rule that in order to sustain a conviction in a criminal case for the negligent operation of an automobile on a highway, as is charged in the case at bar, the evidence adduced to support the charge should be at least as high as that required for the imposition of punitive damages in a civil suit. The burden of proof authorizing a recovery for the plaintiff for negligence must show it to be of a gross and flagrant character, evincing a reckless disregard of human life, or the safety of persons exposed to its dangerous effects; or an entire want of care which would raise the presumption of indifference to the consequences; or such wanton recklessness or gross disregard of the safety and welfare of the public or the reckless indifference to the rights of others which is equivalent to an intentional violation of them. Savage v. State, 152 Fla. 367, 11 So. (2nd) 778; Russ v. State, 140 Fla. 217, 191 So. 296; Cannon v. State 91 Fla. 214, 107 So. 360.

It is contended (1) that the testimony of James W. Satcher established culpable negligence within the meaning

of the above cited rule. He testified that his car was traveling 35 miles per hour when the defendant passed him shortly prior to the impact and he observed that the tires were under inflated and the car swerved as it passed the witness but. righted itself and the four wheels were on the pavement when the car struck the boy. After the impact he ran the defend down at the rate of 55 or 60 miles per hour and forced him to stop a distance of 450 feet from the point of the impact. On cross examination this last statement was materially weakened in that he failed to stick to his story that the defendant traveled 450 feet after the impact. No other witness testified that the car traveled more than three or four car lengths after striking the boy.

(2) The State relies upon the testimony of Frank Smith, a boy about ten years of age, who was with the deceased at the time of the impact. He testified that the defendant stopped his car immediately and near the scene. This boy's testimony fails to establish culpable negligence. (3) The testimony of Ralph Eden fails to establish culpable negligence. (4) Mrs. Ralph Eden testified about the operation of the car at a point six or seven blocks from the scene of the accident but did not see the impact. (5) Raymond B. Austin, an officer, reached the scene shortly after the impact and found the car with four wheels on the pavement. He examined the car and found a shattered ventilator which it is admitted struck the head of the boy.

The defendant testified that he saw the boys riding bicycles on the side of the street going South and as he was opposite them one boy shoved or pushed the deceased or he lost his balance and fell against the car driven by the defendant. It is my view that the evidence adduced by the State fails to measure up to the requirements of our previous adjudications as to culpable negligence, and for this reason a new trial should be awarded.

THOMAS, C. J., concurs.